## Keser v. Commonwealth.

(Decided May 15, 1923.)

## Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Statute Permitting Evidence of Reputation Does not Apply to Offenses Committed Before Passage of Act.— The Rash-Gullion Act, which became effective April 22, 1922, and which makes evidence of the general reputation of the defendant for engaging in illicit liquor trade admissible, does not apply to a case where the indictment and the evidence covered a period prior to the effective date of that act.

2. Intoxicating Liquors—Statute Permitting Evidence of Reputation of Defendant Does Not Permit Proof of Reputation of House.— The provision of the Rash-Gullion Act, making the general reputation of a defendant admissible against the defendant, does not render admissible against a defendant, in a prosecution for unlawfully possessing liquors for sale, evidence of the reputation of defendant's house as a place where liquor is sold.

3. Intoxicating Liquors—Statute Authorizing Evidence of Reputation of House in Abatement Suit Does not Authorize it in Criminal Prosecution.—Prohibition Act 1920, section 10, providing that the general reputation of the place might be given in evidence in an action to abate liquor nuisance, does not authorize the admission of the reputation of defendant's house in a prosecution against him for unlawful possession.

4. Intoxicating Liquors—Evidence Held Sufficient to Take to the Jury Issue of Defendant's Guilt of Possessing for Sale.—Evidence that a gallon of whiskey was found just outside the lot line of defendant's premises, and that smaller receptacles found in his house, which were likely to be used in disposing of the whiskey, smelled of whiskey, held sufficient to authorize submission to jury of question of guilt of possessing for unlawful sale.

HALL, JONES & LEE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is an appeal from a judgment of the Harlan circuit court. George Keser was fined $100.00 and sentenced to thirty days' imprisonment on the charge of having intoxicating liquors in his possession for the purpose of sale.

The indictment was returned on the 11th day of April, 1922. It charged the offense as having been committed on the 4th day of April, 1922, and within one year prior thereto.

The evidence of the sheriff is to the effect that within one year prior to the finding of the indictment he searched defendant's premises under the authority of a search warrant. He found in his house several empty pint jars, all of which smelled of whiskey. There was a garage in the rear of defendant's lot and he found a gallon of whiskey in a stone jug about two feet from the back of the garage hidden under a pile of lumber. This lumber was partly on defendant's lot but extended over into an alley, and the whiskey was just off the line of the lot. Jugs similar to the one containing the whiskey were found in appellant's residence, but they contained vinegar.

Evidence was also introduced as to the general reputation of appellant's house as being a place where intoxicating liquors were sold.

The Rash-Gullion Act became effective March 22, 1922. It provides: ''The general reputation of the defendant or defendants for moonshining, bootlegging or being engaged in the illicit manufacture of or trade in intoxicating liquor shall be admissible against said defendant or defendants.''

It is clear that the indictment and the sheriff's evidence covered a period long prior to the effective date of that act, and this court has repeatedly decided that the act does not apply to such cases.

It will further be observed that the act refers to the reputation of defendant or defendants only and not to the reputation of the house, hence if effective it would not be applicable in this case.

Evidently the indictment was drawn under the act of 1920, and it seems that the court properly instructed the jury under it. Subsection 10 of that act provided that the general reputation of the place might be given in evidence in an action to enjoin a nuisance, as provided in that chapter. But defendant, now appellant, was not indicted for a nuisance, hence the evidence could not be admitted by virtue of that statute. We conclude that the introduction of this evidence was reversible error.

It is urged that a peremptory instruction should have been given to find in favor of the defendant. The evidence is not strong but it does show the hidden whiskey

in immediate proximity to appellant's premises, and smaller receptacles in his house carrying the odor of whiskey, these receptacles being of a character that would likely be used in its disposition. While this is slight evidence it includes circumstances from which the jury might infer that he was guilty of the offense charged.

"The established rule in this jurisdiction is to submit the case to the jury wherever there is any competent evidence of a probative nature tending to establish the guilt of the accused, even though the preponderance of the evidence is to the contrary." Comth. v. Stringer, 195 Ky. 719; Utterback v. Comth., 190 Ky. 139; Miller v. Comth., 182 Ky. 438; Daniels v. Comth., 181 Ky. 392; Hays v. Comth., 171 Ky. 291.

Judgment reversed and cause remanded for proceedings consistent with this opinion.