**Earl JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 21, 1958.

———◆———

Buford A. Short, Rose & Short, Beattyville, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Earl Johnson was convicted of the offense of illegally selling intoxicating liquors in local option territory. KRS 242.-230. His punishment was fixed at a fine of $100 and confinement in jail for 60 days.

The testimony for the prosecution shows that appellant sold and received payment for two cans of beer. Appellant denied the sale. In addition, the prosecution introduced the sheriff, two deputy sheriffs, and a police chief, who testified that appellant's reputation for trafficking in alcoholic beverages was bad. Each reputa-

tion witness was then asked and permitted to testify over objection concerning the bad reputation of appellant's place of business as being a place for "traffic in alcoholic beverages". Appellant contends that the evidence as to the reputation of his place of business was inadmissible and its admission constitutes reversible error.

KRS 242.390 provides:

"In any action for violation of this chapter, the general reputation of the defendant for bootlegging or being engaged in selling, or trading in, alcoholic beverages, or keeping or transportin them for sale, shall be admissible in evidence against him."

This statute is substantially the same as the provision in the Rash-Gullion Act, Acts 1922, c. 33, § 15, insofar as it makes admissible the general reputation of a defendant. This latter provision was construed in Keser v. Commonwealth, 199 Ky. 200, 250 S.W. 851. It was there held that the provision making the general reputation of a defendant admissible against him, in a prosecution for unlawfully possessing liquors for sale, does not render admissible against him evidence of the reputation of his house as a place where liquor is sold. The reputation of a place of business is something apart from the reputation of a person. By the wording of the statute, only evidence as to the defendant's reputation is made admissible. Accordingly, the testimony as to the reputation of appellant's place of business as a place where liquor was sold is inadmissible and its admission is reversible error.

Two other grounds for reversal are urged, but inasmuch as they occurred on the trial and may not recur, they are not considered.

The motion for an appeal is sustained and the judgment is reversed, with direction to grant a new trial.