CASE 25—INDICTMENT—APRIL 17.

# Chenault, &c., v. Commonwealth.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

RECEIVING STOLEN GOODS.—The degree of the offense of receiving stolen goods is determined by the value of what is received, and not by the value of the aggregate quantity originally stolen and divided into small parcels among numerous receivers not acting in concert with each other. Therefore, two persons jointly indicted for receiving stolen goods were each entitled to an instruction applicable to such state of case as would reduce the offense charged to a misdemeanor, as neither of them was shown to have received stolen goods amounting in value to ten dollars, and there is no evidence that they were acting in concert.

HAZELRIGG & CHENAULT FOR APPELLANTS.

No brief in record.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

Chenault, &c., v. Commonwealth.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The offense of grand larceny, as charged in the indictment, and of which appellants were convicted, consisted of stealing and carrying from a railroad depot ginseng of the value exceeding ten dollars, which the evidence shows was in two sacks. One of the sacks was found empty, and identified by a witness; but there was no direct evidence connecting either defendant with stealing the sacks from the depot, nor was there any circumstance from which it can be fairly inferred they either stole or received from another the identical ginseng, knowing it to be stolen, except that one Porter testified he was a dealer in produce, and purchased from each of them, on two occasions, ginseng, for which he paid, in the aggregate, to Chenault five dollars and sixty cents and to Sanders four dollars and fifty cents. But Chenault, who is about twelve years of age, testified the ginseng sold by him he got from another boy, who told him a person whose business is digging herbs wished him, Chenault, to sell ginsing, and gave him twenty-five cents for doing so. Sanders did not testify.

The jury may have reasonably inferred from all the circumstances that appellants either stole the two sacks of ginseng from the depot or received what they sold to Porter, knowing it to be stolen, and with intent to deprive the owner of it; but upon which one of the two theories the verdict is based there is no way to determine, because there being no direct evidence to support either, they might have adopted one as well as the other. If the two defendants stole and carried the two sacks from the

Vol. 90—11

depot the verdict was proper, for the value of the ginseng contained in the sacks exceeded ten dollars. But section 8, article 11, chapter 29, General Statutes, provides that "whoever shall receive any stolen goods, * * the stealing whereof is punished as a felony or misdemeanor, knowing the same to be stolen, shall be liable to the same punishment to which the person stealing the same is by law subjected." The meaning of that section is, that the degree of the offense of receiving stolen goods is determined by the value of what is so received, and not by the value of the aggregate quantity originally stolen by another and divided into small parcels among numerous receivers not acting in concert with each other. The evidence does not show appellants either received or sold to Porter, in concert or at the same time, the parcels of ginseng found in their possession, and consequently neither of them can be made answerable for what the other received any more than one of them could have been punished for what the other, acting by himself, might have taken from the sacks while in the depot; but the offense of each is to be measured by the value of what he alone received ; and, therefore, they were each entitled to an instruction applicable to such state of case as would reduce the offense charged to a misdemeanor, as neither of them is shown to have had ginseng amounting in value to ten dollars.

For the errors in refusing to give such instruction judgment is reversed as to both, and cause remanded for new trial.