# Partin v. Commonwealth.

(Decided September 19, 1913).

## Appeal from Whitley Circuit Court.

1. Evidence—False Swearing—Pendency of Prosecution—Record—Parol Proof.—On a trial for false swearing, where there is a record of the proceeding at which it is alleged the false testimony was given, parol evidence of the pendency of that proceeding is inadmissible in the absence of the loss of such record.

2. False Swearing—Acquittal of Denfendant—Effect on Prosecution Against Witness Who Gave False Testimony.—The acquittal of the defendant on a trial at which it is alleged a witness other than the defendant testified falsely does not prevent the conviction of such witness for false swearing.

3. Instructions—False Swearing.—An instruction telling the jury that before they can find the defendant guilty of the crime of false swearing they must not only believe from the evidence beyond a reasonable doubt that he has been proven guilty, but that each substantive fact necessary to make out the crime, as set forth in the preceding instruction, must be supported by evidence of two witnesses or one witness and strong corroborative circumstances, is erroneous. The court should have told the jury that they must acquit the defendant unless it be proven that he swore falsely by two witnesses, or by one witness and strong corroborative circumstances.

4. False Swearing—Materiality—Relevancy of Alleged False Testimony—Question for Court.—On a trial for false swearing it is not necessary that the alleged false testimony be material; it is only necessary that it be relevant, and its relevancy is a question for the court and not for the jury.

R. S. ROSE for appellant.

JAMES GARNETT, Attorney General and O. S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, Wesley Partin, was convicted of the crime of false swearing in the Whitley Circuit Court. From the judgment of conviction he appeals.

It appears that Wiley Partin was arrested on a warrant and tried before J. A. West, justice of the peace, of Whitley County, for the offense of having in his possession spirituous, vinous and malt liquros in local option territory for the purpose of sale therein. On that trial the appellant, who was the father of Wiley

Partin, appeared as a witness. According to the evidence for the Commonwealth, he swore that at no time had Wiley Partin had any whiskey or beer in appellant's house for the purpose of sale, and that he himself and no one else had ever had any whiskey or beer in his house for the purpose of sale, with his knowledge. In the present case several witnesses testified that on the trial in question Wesley Partin gave the foregoing evidence, and several witnesses also testified that they frequently brought whiskey and beer in Wesley Partin's house with his knowledge and consent. There can be no doubt, therefore, that the evidence is sufficient to sustain the conviction if no prejudicial errors were committed against appellant.

J. A. West testified that he was a justice of the peace, and that he conducted the trial of Wiley Partin on the charge of selling liquor through and by one John Jenkins. He believed the case was tried before a jury. On that occasion appellant was sworn as a witness and testified for his son. Thereafter the witness testified as follows:

"Q. Tell the jury what he stated there as to whether or not whiskey or beer had been sold in his house, or had been there for purpose of sale?

"Counsel for defendant objected to the question and the court overruled the objection, to which ruling of the court counsel for defendant excepted at the time.

"A. My recollection is he stated there never had been any there for the purpose of sale.

"Q. Was he asked, or do you remember if he was asked, if Wiley Partin, or himself or any one else had beer there, or was it just a general question?

"Counsel for defendant objected to the question and the court overruled the objection, to which ruling of the court counsel for defendant excepted at the time.

"A. My recollection is it was a general question.

"Q. He said there never had been any whiskey or beer there for the purpose of sale before that time?

"A. Yes.

"Q. Was that question being tried there in that case, whether there had been liquor in his house for sale —was that one of the questions in issue?

"Counsel for defendant objected to the question and the court overruled the objection, to which ruling of the court counsel for defendant excepted at the time.

"A. Yes, that is the way I remember it.

"Q. As the Magistrate trying the case can you state to the jury whether or not the evidence, or the questions asked him and the answers given by him were material to the case being tried?

"Counsel for defendant objected to the question and the court sustained the objection, to which ruling of the court counsel for plaintiff excepted at the time.

"Q. I believe you stated that was one of the questions asked him?

"A. Yes.

"Q. When was that, Joe?

"A. I don't remember exactly, but believe it was the first Saturday in April.

"Q. Before the 13th day of June when the indictment was returned?

"A. Yes.

"Q. In Whitley County?

"A. Yes."

On cross-examination witness was asked if he did not have a record of the trial, and he said yes. He also stated that he supposed he had the warrant in his desk.

The first error complained of is the admission of the foregoing evidence, by which the witness was permitted to prove by parol evidence the character and pendency of the prosecution against Wiley Partin. In other words, the jurisdiction of the court is made to appear by parol only. This evidence should have been excluded, and the record of the prosecution introduced. This precise question was before the court in Goslin v. Commonwealth, 28 Ky. L. R., 687, where the court used the following language:

"The trial court allowed the Commonwealth to prove that the prosecution before the county judge was pending when he administered the oath to the accused. We think that the rule of evidence that a fact shown by a public record must be proved by the record, applies. There was of necessity a record of the trial. It would have shown the offense charged, and that the prosecution was pending when the oath which is the subject of this inquiry was administered, and the testimony was given. The record would not necessarily show that appellant was sworn as a witness and that fact, therefore, may be shown by other evidence. But the record would prove the jurisdiction of the court to administer the oath and require the testimony in that proceeding. (Commonwealth v. Davis, 94 Ky., 612.)"

Of course, if it was made to appear that the record had been lost or destroyed, then parol evidence of its contents might be introduced.

It is next insisted that the defendant was entitled to a peremptory instruction. This contention is based on the fact that Wiley Partin was acquitted on the trial before the justice of the peace. In support of this position we are cited to the case of Cooper v. Commonwealth, 21 Ky. L. R., 546, where it was held that a defendant who was acquitted of a crime could not subsequently be convicted of swearing falsely at that trial. That opinion is based on the fact that having been acquitted by one jury, it would be necessary for another jury to find him guilty of the same offense in order to convict him of false swearing. In discussing the case the court said:

"It certainly was never intended that the enginery of the law should be used to accomplish such inconsistent results."

We are not inclined, however, to extend the doctrine so as to include witnesses other than the defendant on trial. The very fact that he succeeds by false testimony in securing the acquittal of the defendant affords all the greater reason for punishing him. It will not do to say that because a criminal is acquitted by false testimony, he who gave that testimony should forever afterwards go unwhipped in justice. It follows that a peremptory instruction was properly denied.

Instruction No. 2 given by the court is as follows:

"Before you can find the defendant guilty of the crime of 'false swearing,' you must not only believe from the evidence beyond a reasonable doubt, that he has been proven guilty, but each substantive fact necessary to make out the crime, as set forth in instruction No. 1 above, must be supported by the evidence of two witnesses, or one witness and strong corroborative circumstances."

It will be observed that this instruction requires that each substantive fact necessary to make out the crime must be supported by the evidence of two witnesses or one witness and strong corroborative circumstances. This instruction did not fairly present the question to the jury. The court should have told the jury that they must acquit the accused unless it be proven that he swore falsely by two witnesses or by one witness and strong corroborative circumstances. Howell v. Com-

monwealth, 31 Ky. L. R., 983; Goslin v. Commonwealth, 28 Ky. L. R., 683.

While upon the subject of instructions it is proper to say that on next trial the court will omit from said instructions the following: "Which said statements were material and relevant upon the trial of said case." On a trial for false swearing it is not necessary that the alleged false testimony be material. It is only necessary that it be relevant, and its relevancy is a question for the court and not for the jury. Commonwealth v. Maynard, 91 Ky., 131, 15 S. W., 52.

The court will also substitute the words "and that" in lieu of the word "when" at the beginning of the clause "when in truth and in fact the said Wiley Partin had before said time, etc." This will save the instruction from the appearance of assuming as true the statements following the word "when," all of which are questions to be determined by the jury.

Judgment reversed and cause remanded for new trial consistent with this opinion.