## Eureka Elkhorn Coal Company and Kingdom Come Coal Company v. Lawson.

(Decided May 26, 1922.)

### Appeal from Letcher Circuit Court.

1. Damages—Injury to One In His House.—One's house is his castle, whether it be a mansion or a hovel, and he is not required to construct it so that it will withstand the assaults and trespasses of others, nor is he required to vacate it in order to avoid danger from such assaults or trespasses, nor can the right to commit them arise from repeated acts which might result in their commission.

2. Continuance—Overruling Motion for.—The duty of the court to grant a continuance on the ground of the absence or illness of counsel is a question largely in the discretion of the court, the exercise of which is to be governed by the peculiar facts and circumstances of each case. If counsel is the only one and the client

has a meritorious case, and the cause of his absence or the occurring of his illness was sudden and without sufficient time to substitute another in his place it would be the duty of the court to sustain the motion; but, where the issue was a simple one and there had been another reputable and competent attorney associated with the absent one from the beginning of the litigation, and there was time to procure additional counsel, which was done, and defendants were represented on the trial by those two competent attorneys, who appear from the record to have conducted the defense as ably as the absent attorney could have done, it was not error for the trial court to overrule defendants' motion for a continuance upon the ground of the absence, through sickness, of one of their counsel although claimed to be the chief one.

3. Damages—Excessive Damages.—Plaintiff, while in her house, was injured by being struck with dirt, gravel and other debris breaking through its roof and ceiling and which was thrown from an explosion produced by defendants while excavating near plaintiff's house. She was unconscious from about noon, when the accident happened, till 7 p. m., and sustained a great nervous shock, besides having her back wrenched and sustained other minor physical injuries, from all of which she was confined in bed, according to her evidence, for several weeks, during which she suffered a miscarriage. Held, that a verdict for $2,500.00 was not excessive.

4. Appeal and Error—Omissions in Evidence—Waiver.—If a defendant would rely on the insufficiency of plaintiff's testimony, he should stand by the condition of the record as made at the close of that testimony and if he fails to do so and introduces evidence supplying the omission in plaintiff's testimony and a verdict is returned against him, the omissions of plaintiff's testimony are supplied and the error is waived.

W. F. HAWK, JOHN M. COOK, E. C. O'REAR and MORGAN M. ATCHISON for appellants.

D. D. FIELDS & DAY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On the 15th day of February, 1918, and for some time prior thereto the defendants and appellants, Eureka Elkhorn Coal Company and Kingdom Come Coal Company, were engaged in grading a track for a spur line of railroad running from a line of the Louisville & Nashville Railroad Company near the mouth of Sand Lick creek in Letcher county to the coal mines of defendants located a short distance up the creek. Between 11 and 12 o'clock A. M. on the day mentioned the agents and servants of defendants engaged in the work set off and exploded a charge of dynamite or other explosive used by them in making the necessary excavations, and it threw

a large quantity of dirt, gravel and shale upon the house in which appellee and plaintiff below, Easter Lawson, was residing and which was located between 150 and 250 feet from where the explosion occurred, in the dining room of which she was at the time engaged in washing and was bent over a tub. The debris thus caused to be thrown by the explosion broke through the roof of the house immediately over plaintiff and also broke through the ceiling and a large quantity of it fell on her, knocking her senseless, and she did not, according to the uncontradicted proof, regain consciousness till about 7 o'clock that night. She and a number of other witnesses who immediately gathered there testified that her face was skinned in one or two places, as was also one of her hands, resulting in more or less bleeding. She and her mother-in-law, who lived in the neighborhood but who stayed with her for several weeks thereafter, testified to a miscarriage which happened some two or three weeks after the accident, the embryo being about three months old, which testimony was not objected to. Other witnesses corroborated that testimony and plaintiff, her mother-in-law and others also testified that she sustained quite a severe wrench to her back at the time she was knocked down, from which she had not recovered at the time of the trial which was had on April 28, 1920, two years, two months and five days after the accident. There was also sufficient proof to authorize the jury to find that the shock and the injuries received produced a nervous condition from the effects of which plaintiff suffered more or less continuously up to the time of the trial. It furthermore appears by uncontradicted testimony that since the accident plaintiff has been unable to do washing or any character of physical work requiring the exercise of more than slight effort. Before that she kept, cooked for and looked after boarders and also did her washing, all of which was discontinued after she sustained her injuries.

This suit was filed by her against the two defendants to recover damages for the injuries she suffered, which she fixed at the sum of $6,000.00. The original answer was in the nature of a denial but it is doubtful if it is sufficient to deny the allegation of the petition that defendants were doing the excavating at the time, or that their agents and servants produced the explosion complained of. In an amended answer defendants averred contributory negligence of plaintiff which was denied, and upon

trial there was a verdict for her in the sum of $2,500.00, which the court declined to set aside on a motion made for that purpose, and from the judgment rendered theron defendants appeal.

. In support of the plea of contributory negligence evidence was offered by defendants and some of it heard before the jury to show (a), that the house in which plaintiff was residing was badly constructed and its roof and ceiling weak and perhaps to some extent rotten, and was, therefore, insufficient to withstand the assault; (b), that plaintiff at the time should have gotten out of her house pursuant to the warning of "fire," which defendants claim was given just before the explosion, and (c), that the particular explosion complained of was no greater, if as great, as a number of others which had been made prior thereto. We have searched our office, the library and the capitol building from basement to dome and have failed to find any law supporting either of those defenses, and of course we have been cited to none. On the contrary we find that from time immemorial the right of the citizen to occupy his home, free from assaults and molestations, exist whether it be a palace or a hovel, and that he is not compelled to construct it after the fashion of forts so as to repel trespassers *vi et armis*. Neither is he compelled to vacate his home at the behest of one who intends to invade it for purposes purely his own; nor does one acquire the right to commit a wrong by repeated prior efforts to do so. All of the testimony, therefore, of defendants to establish facts (a), (b) and (c) about which they interrogated a large number of their witnesses, was wholly irrelevant, leaving as the only controverted issue on which they could or did introduce evidence the one relating to the amount of damages, which indeed was the only defense available.

On this appeal two points are urged as constituting error sufficient to authorize a reversal of the judgment, which are (1), the refusal of the court to grant a continuance because of the illness of S. E. Baker, who, it is claimed, was the only counsel representing defendant, Eureka Elkhorn Coal Company, and (2), that the verdict was excessive. In support of the first one the affidavit of the vice-president of that defendant was filed supported by those of Dr. Back and attorney W. F. Hawk, the latter of whom, it is insisted, represented the other defendant, Kingdom Come Coal Company, only. The affidavit of the physician states that the attorney was suffer-

ing with acute laryngitis and bronchitis and that he was physically unable to appear in court and conduct the trial. The other affidavits stated that Baker had been the most active attorney in looking after the defense of the action and that chief reliance was had on him to conduct the trial, not only because of his prior activity in the defense of the case, but also because of his ability and skill as a practitioner. Notwithstanding the motion was made and affidavit filed on the 27th of April, the trial was not entered into until the next day when the order recites: "This cause being called for trial, the parties appeared and announced ready, whereupon came the following jury, to-wit." Moreover the record shows that the defensive pleadings were joint and were subscribed by S. E. Baker and W. F. Hawk "attorneys for defendants." No Affidavit of Baker was filed.

But, waiving these matters, we find the general rule of practice in such cases well stated in 13 Corpus Juris, 145, in this language: "It is usually considered a good ground for continuance that the counsel employed is too ill to conduct the cause when the same is called for a hearing, but in such case it must appear that the applicant has a meritorious cause or defense, that the particular counsel was necessary to the proper presentation of the cause, and that there was no time or opportunity to employ other counsel to conduct it. The denial of the motion for continuance will be sustained where, in view of all the facts, the absence of the attorney was not prejudicial to his client." This court has substantially followed the statement of the rule in the above excerpt in the cases of Dowdy v. Preston, 3 Ky. L. R. 760 (reported in full in 11 Ky. Opinions, 623); Chapeze v. Hathaway, 153 Ky. 519, and L. H. & St. L. Ry. Co. v. Wilson's Executrix, 156 Ky. 657.

In the Wilson case the ruling of the court denying a continuance for the same ground supported by almost identical affidavits was upheld, the opinion saying: "We see no error, however, in this ruling of the court. While Mr. Miller was chief counsel for appellant, it was ably and efficiently represented by two other attorneys, who, from every indication that can be gathered from the record, admirably presented the appellant's case, and left nothing undone to properly present it to the court and the jury."

In the Chapeze case the affidavit stated that the client "was depending entirely upon him ('the absent attorney)

to properly present his defense," but it appeared that appellant was represented by able and competent counsel and the court held that it was not an abuse of discretion to refuse the continuance upon that ground.

In the Dowdy case, which was one of illness of counsel, in upholding the court in refusing a continuance therefor the opinion says: "There is nothing in the record to indicate that the presence of counsel at the trial would have in any way been beneficial to appellants."

The opinion in the case relied on of Kentucky Union Co. v. Patton, 24 Ky. L. R. 701, does not militate against the rule as stated in the cases referred to. The illness of the attorney in that case prevented the litigant from obtaining the deposition of a most material and important witness, and it was more because of the failure to obtain that deposition on account of the illness of the counsel that an error was committed in refusing the continuance than because of the inability of counsel to be present at the trial. In other words, it distinctly appeared that the illness of counsel prevented the litigant from properly preparing his case and presenting his evidence at the trial.

We have no such circumstances here. As we have seen, the only available defense was to reduce the damages. Two well known, reputable attorneys, W. F. Hawk and John M. Cook, were present and actively participated in the trial on behalf of defendants and it is not intimated that they failed to fully perform their duty, or that defendants or either of them were prevented from introducing any witness they desired, or that the absence of Baker resulted in any detrimental consequence to them, either through any act of omission or commission. The case had been pending for more than two years and with the single simple issue presented it would be a great perversion of the rule of practice to hold that a continuance should have been granted under the circumstances. We do not mean to say that under a proper showing it would not be the duty of the court to grant a continuance because of the sudden illness or absence of counsel, but each case must depend largely upon its peculiar facts and circumstances, and they, in this case, fully demonstrate that no possible prejudice to any of the rights of defendants resulted from the refusal of the court to sustain the motion.

As to the second point urged as a reason for reversing the judgment, but little need be said. We have hereinbe-

fore recited the evidence of plaintiff's physical injuries and sufferings. We think they alone sufficient to authorize the verdict returned, to say nothing about mental pain and anguish, which were also proper items of damage.

Lastly it is intimated, and to some extent argued, that a peremptory instruction should have been given upon the motion of defendants upon the ground that plaintiff failed to prove that either of them was engaged in the work or produced the explosion complained of. Waiving the question of the sufficiency of the denials in the answer to put that fact in issue, we are clearly of the opinion that plaintiff's testimony was sufficient to submit the issue to the jury though not as full and complete as it could have been made. But beyond all this, defendants did not see proper to submit the action on the testimony introduced by plaintiff alone but introduced witnesses in their behalf who admitted that it was the defendants who were engaged in the excavating work in which the explosives were used. They thereby waived their right to rely on the insufficiency, if any, of plaintiff's testimony on that issue and themselves supplied the omission of which they now complain.

We are thoroughly convinced that the defendants had a fair trial and that the record discloses no error prejudicial to their substantial rights, and the judgment is affirmed.