## Brittian v. Commonwealth.

(Decided October 12, 1923.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Oral Proof that Certain Person was Judge of Court Admissible on Trial for False Swearing.—On a trial for false swearing, oral proof that the person administering the oath was judge of the court was admissible.

2. Criminal Law—Oral Proof that Witness Sworn Admissible, Without Showing There was no Record Evidence.—On a trial for false swearing, oral evidence that defendant was sworn was admissible without prior proof that there was no record evidence of the fact; the presumption being that there was no such record, as it is not usual for the swearing of witnesses to be recorded.

3. Perjury—That Case Came on to Trial Must be Proved.—On a trial for false swearing, in case pending in police court, it was necessary to prove, not only that the action was instituted and docketed, but that it came on to trial.

4. Criminal Law—That Case in which False Swearing Occurred Came on to Trial Not Provable by Oral Evidence.—On a trial for false swearing in case pending in police court, as the fact that the case came on to trial was a matter of record it was error to permit oral proof thereof.

5. Criminal Law—Defendant Held to Have Waived Error by Establishing Fact by his Own Evidence.—On trial for false swearing, error in admitting oral proof that the case in which the false swearing was done came to trial was waived, where defendant did not stand on his motion for peremptory instruction, but took the stand and testified that the statements claimed to be false were made "on the occasion mentioned."

H. C. GILLIS for appellant.

THOS. B. McGREGOR, Attorney General, and J. C. BIRD, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant complains of his conviction of the statutory crime of false swearing, because of the admission of incompetent evidence, the refusal of the court to direct his acquittal, and the assumption in the instructions that an essential fact, not proven, was true.

There is presented, however, only the question of whether or not the court erred prejudicially in permitting the Commonwealth to prove orally that the alleged false statements were made by defendant upon the trial of an action then pending against him in the Williams-

burg police court, and that one Paul was judge of that court and administered the oath, since there is no basis for the contention that the court erred in refusing to direct an acquittal, or in the instructions given, except the alleged incompetency of such evidence.

We have held, and it is the generally recognized rule, that oral proof that a certain person presided at a trial is competent to make out a *prima facie* case that such person had authority so to do, and to administer the oath at least as a *de facto* officer, and that thereby the burden of proving otherwise is shifted to the defendant. Biggerstaff v. Comth., 11 Bush 169; Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223. Hence there is no merit in the contention that the court erred in admitting oral proof that Paul was the judge of the Williamsburg police court.

Nor did the court err in admitting oral evidence that defendant was sworn before giving the alleged false testimony without prior proof there was no record evidence of that fact, since it is neither required nor usual that the swearing of witnesses in such courts be recorded, and the presumption therefore is that there was no such record.

We think it is clear, however, that the court did err in admitting, over defendant's objections and exception, oral proof of the trial upon which it was alleged in the indictment the false evidence was given. That fact was a matter of record, and presumably available. According to all the cases, it is necessary to prove the pendency of an action when, by indictment for false swearing, it is alleged, as here, that the false statement was made in a pending action. Goslin v. Commonwealth, *supra;* Partin v. Commonwealth, 154 Ky. 701, 159 S. W. 542; Day v. v. Commonwealth, 195 Ky. 790, 243 S. W. 1051.

As it was alleged that defendant swore falsely upon his trial of an action pending in the Williamsburg police court in order to show that such action was pending at the time and upon the occasion when the oath was administered and violated, as alleged, it was necessary to prove, not only that the action was instituted and docketed, as was done by the Commonwealth, by introducing the record of these facts, but also that the case came on to trial, since otherwise there would be no proof that the action was pending when the oath was administered and violated, and this fact being a matter of record, it was error to permit its proof orally.

However, the defendant did not stand upon his objections to this proof and his motion for a peremptory based thereon, but took the stand in his own behalf, and testified upon his direct examination, that his alleged false statements were made by him "on the occasion mentioned here by the witnesses." The occasion thus referred to was his trial in the police court, and he therefore established, by his own evidence, the very thing of which he now complains as established by the Commonwealth. This he may not now do, since he waived the error, as was expressly held under similar circumstances in the recent case of Eureka Elkhorn Coal Company, etc. v. Lawson, 195 Ky. 14, 241 S. W. 335.

Wherefore the judgment is affirmed.