## Holland v. Commonwealth.

(Decided October 23, 1923.)

### Appeal from Lyon Circuit Court.

1. **Criminal Law—Conviction Supported by Evidence Not Contrary to Law.**—A verdict finding defendant guilty of selling intoxicating vinous liquors, at a time and place of which there was evidence, was not "contrary to law."

2. **Criminal Law—Verdict Supported by Evidence Not Disturbed, Though Evidence Does Not Preponderate.**—Where there is sufficient evidence to warrant the verdict of guilty, it cannot be disturbed, even though the Court of Appeals thinks the evidence for the Commonwealth did not preponderate.

3. **Criminal Law—Record Held Best Evidence of Former Plea of Guilty.**—On trial for selling intoxicating liquors, where it was claimed defendant's reputation for handling such liquors was bad, the record was the best evidence that he had pleaded guilty to having illicit liquors in his possession, and it was error to admit oral evidence thereof.

4. **Criminal Law—Defendant Not Entitled to Complain when Improper Evidence Admitted Without Objection.**—Where defendant did not object to oral evidence that he had pleaded guilty to possession of illicit liquors, he cannot complain thereof on appeal.

HODGES & JAMES for appellant.

THOS. B. McGREGOR, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Two young men drove up to appellant's house in the country and asked him for wine and offered to pay him for it. He provided them with a quart of liquid resembling wine for which they agreed to pay him one dollar. The boys drank the liquid and one of them testifies it intoxicated him to some extent, while the other stated it did not have that effect on him.

Appellant Holland was indicted in the Lyon circuit court for the offense of selling vinous intoxicating liquors to the two boys. On the trial he testified it was merely grape juice and had not fermented; that it was only a few days old and would not intoxicate. In addition to the evidence set out above the Commonwealth introduced the sheriff and several other public officers of the county to prove and did prove that appellant's general reputation for trafficking in intoxicating beverages was bad. He

admitted he had on one occasion shortly before the trial pleaded guilty to the charge of unlawfully having in possession intoxicating liquors. He was found guilty by a jury and his punishment fixed at a fine of $100.00 and thirty days in the county jail. To reverse that judgment he prosecuted this appeal.

The grounds relied upon to reverse the judgment are: (1) the verdict is contrary to law; (2) the verdict is contrary to the evidence; (3) the court erred to defendant's prejudice in permitting Gresham, the county judge, to testify that appellant had been previously convicted in the quarterly court of unlawfully having in possession intoxicating vinous liquors.

1. Just what appellant intends by his first ground for a reversal of the judgment is hard to say. The court instructed the jury upon the law of the case, and we find no error in the instructions, nor does appellant attempt to point out error therein. If appellant sold intoxicating vinous liquors to the witness at the time and place mentioned in the evidence, appellant's conviction was not contrary to the law.

2. The verdict is not contrary to the evidence although the evidence is not overwhelmingly against him. The jury might well have decided the case either way according to its appraisal of the evidence, for appellant testified he did not sell intoxicating liquors to the witnesses. There was, however, sufficient evidence to warrant the jury in finding the verdict of guilty and we are not authorized to disturb it even though we should think the evidence for the Commonwealth did not preponderate.

3. County Judge Gresham testified for the Commonwealth that he was acquainted with the reputation of appellant for handling intoxicating liquors and that it was bad. He was then asked: "Q. Can you state whether or not he (appellant) pleaded guilty in your court to having illicit liquors in possession? A. He pleaded guilty to the county attorney and by his recommendation there was a fine entered against him (appellant). Q. Was it entered on a plea of guilty or not guilty? A. Guilty, yes, sir."

Appellant now insists that this evidence was incompetent because not the best evidence of the proceedings had at the trial, and that it should have been excluded and the Commonwealth required to prove the conviction

by the record. The record would have been the best evidence, so we held in the recent case of Brittian v. Commonwealth, 200 Ky. 461; but appellant did not object to the Commonwealth proving by oral evidence the proceedings of the trial. Had he objected the objection would have been sustained and the Commonwealth would likely have produced the records and proved that appellant had been convicted of trafficking in liquors. Having sat silently by when he had the opportunity to object to secondary evidence, his mouth is now closed and he will not be heard to say that he was prejudiced by its introduction.

As there was no error committed by the court to the prejudice of the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.