## Minniard and Turner v. Commonwealth.

(Decided May 21, 1926.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—Where Defendants did Not Rest on Objections to Testimony or on Motions for Peremptory Instructions, but Supplied Testimony Necessary for Their Conviction, they Could Not Complain of, Overruling of Motions and Objections or that Commonwealth had Failed to Make Out its Case.—Where defendants did not rest on objection to testimony of officers as to defendants' possession of intoxicating liquor as obtained by unlawful search or on their motions for peremptory instructions, but supplied on direct examination testimony necessary for their conviction, they could not complain that their objections and motions were overruled or that Commonwealth had failed to make out its case by competent testimony produced by it.

2. Intoxicating Liquors.—In prosecution for unlawful possession of intoxicating liquors, question of defendants' guilt held for jury.

ASHER & SHEHAN for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming:

The two above styled cases were heard together in the lower court and will be disposed of here by one opinion. Each of the appellants was, on his trial under a warrant for the unlawful possession of intoxicating liquors, found guilty, and from the judgment entered on the verdicts, they bring these appeals.

It appears that a deputy sheriff, Lee Cole, accompanied by Isaac Young, who was the chief of police of Evarts, was on a public highway of the county of Harlan about twilight searching for an escaped felon when they met the two appellants, each of whom was carrying a sack containing fruit jars filled with moonshine whiskey. These officers testify that they saw the bulk and imprint of the fruit jars in the sacks and smelled the odor of whiskey, whereupon they arrested the appellants and on searching them found the liquor mentioned. On the other hand, the appellants testify that on account of the way they had the liquor covered up it was impossible for the officers to have seen the bulk or imprint of the fruit jars and that there was no smell of whiskey about them on that occasion. They say that the officers first arrested them without right and then on search discovered the whiskey. The only testimony introduced by the Commonwealth was that of the officers. It was duly objected to by the appellants and, on its being admitted over their objection, they in due course each made a motion for a peremptory instruction, which motions were also overruled.

They contend on this appeal that the court committed error in not excluding the evidence of these officers because the knowledge of the facts to which they testified had been procured in and by an illegal search. They then say that if this evidence had been excluded, as they contend it should have been, there was none in the case to establish their guilt, and hence their motions for a peremptory should have been sustained. On the other hand, the Commonwealth contends that the search was entirely legal and the evidence competent. However, we do not deem it necessary to decide that question on these appeals because neither appellant rested on his objection to the testimony of these officers or on his motion for a peremptory instruction. On the contrary, after their objections and motions had been overruled, they went upon

the witness stand and each testified on his direct examination that they had the liquor in their possession on the occasion in question. Conceding, without deciding, that the testimony of the Comonwealth was incompetent, yet the appellants, by taking the stand and testifying to the condemning facts, supplied the testimony necessary for their conviction, which the Comonwealth had failed to establish by competent proof. It is well settled that after a defendant has moved for a peremptory instruction at the conclusion of the Commonwealth's evidence and his motion is overruled, if he then introduces testimony which establishes the facts necessary to his conviction and thus makes out the case, he cannot complain that his motion for a peremptory was overruled or that the Commonwealth had failed to make out its case by competent testimony produced by it. Brittian v. Commonwealth, 200 Ky. 461, 255 S. W. 59; Marcum v. Commonwealth, 201 Ky. 527, 257 S. W. 714. As the appellants established their guilt by their own testimony in these cases the court did not err in submitting the cases to the jury and its judgment in each case is affirmed.