# Roark v. Commonwealth.

(Decided January 14, 1927.)

## Appeal from Bell Circuit Court.

1. Indictment and Information—Larceny and Receiving Stolen Property May be Joined in One Indictment (Criminal Code of Practice, Section 127).—Offenses of larceny and knowingly receiving stolen property may be joined in one indictment, under Criminal Code of Practice, section 127.

2. Criminal Law—Joinder of Larceny and Receiving Stolen Property in One Indictment Held Immaterial, where Evidence and Instructions were Directed Solely to Latter Offense.—Joinder of charges of larceny and knowingly receiving stolen property in one indictment held not ground for reversal, if error, where evidence was directed solely to latter offense, and instruction submitted no other.

3. Criminal Law—Testimony that Defendant, While in Jail, Told Witness where Unspent Portion of Stolen Money was, Held Competent, in Absence of Promise of Immunity.—In trial for receiving stolen money, testimony of Commonwealth's witness that defend-

ant told him, while in jail, where unspent portion of money might be found, held competent, in absence of any promise of immunity from prosecution.

4.    Criminal Law—Defendant, Admitting Contents of Affidavit as Testified to, and Not Denying His Proven Statement that Affiant Told Truth, Waived Error in Admitting Oral Proof of Contents.—In trial for receiving money stolen by defendant's son, defendant, by admitting on cross-examination that contents of son's affidavit admittig larceny were substantially as testified to by Commonwealth's witnesses, and not denying his proven statement that son told truth therein as nearly as he could, waived error in admitting oral proof of its contents.

W. J. STONE and J. G. ROLLINS for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The indictment which was returned by the Bell county grand jury and under which appellant and defendant below, Milliard Roark, was tried in the circuit court of that county contained two counts. The first one accused defendant of stealing from Milton Dean, in Garrard county, Kentucky, more than $20.00 in lawful money of the United States; while the second one charged that the money was so stolen by Fred Roark, a son of defendant, and the latter in Bell county received the money from his son with knowledge that it had been so stolen. The evidence at the trial was directed exclusively to the latter count of the indictment and the instructions of the court were exclusively confined thereto. A verdict of guilty was returned with an affixed punishment of one year's confinement in the penitentiary, and defendant's motion for a new trial having been overruled, he prosecutes this appeal relying principally upon two errors for a reversal of the judgment, which are: (1) That the court erred in overruling his demurrer filed to the indictment, and (2), error of the court in the admission of testimony offered by the Commonwealth.

Ground (1) is expressly overruled by section 127 of the Criminal Code of Practice, which permits the joining in one indictment of the two offenses of "Larceny and knowingly receiving stolen property," and we held as far back as the case of Upton v. Commonwealth, 14 K. L. R. 165, that the joinder of the two offenses was permissible

under that section of the Code and there has been no departure from that holding. Moreover, the evidence, we repeat, was directed solely to the offense of knowingly receiving stolen property, and the instructions of the court submitted no other. It is, therefore, patent that this ground is without merit.

Under ground (2) it is insisted (a) that the court erred in permitting a witness for the Commonwealth to testify to a conversation between witness and defendant while the latter was in jail, and in which he told witness where the unspent portion of the money he received from his son might be found and which was subsequently done. It is claimed that such information was obtained by the witness under a species of coercion that rendered it incompetent, and the case of Rector v. Commonwealth. 80 Ky. 468, is relied on to sustain that objection. But in this case there was no such inducement offered defendant by the witness as was done in the Rector case. There was no absolute or even conditional promise of immunity from prosecution if the money that defendant had received should be turned over to the loser of it, and for that reason the doctrine of that opinion is not applicable to the facts of this case.

It is also insisted under this ground, (b), that the court erred in admitting oral proof of the contents of an affidavit which the son of defendant, and the one from whom he received the money, had made upon his arrest under a charge of having stolen it, and in which affidavit the son admitted the commission of the larceny of the money, when the affidavit was not lost but was proven to be in the possession of the county attorney of Garrard county, to whom it was sent for use in the prosecution of the son. The witnesses who testified to the facts upon which insistence (b) is based said, in substance, that after defendant was arrested there was read to him in his presence the son's affidavit (giving its substance) and that defendant then stated "That it was as near the truth as the boy could tell it." There was no objection to the answer of the witness wherein the contents of the affidavit were detailed, but when the witness was excused counsel for the defendant did make a motion to exclude his testimony from the consideration of the jury and which was overruled.

If defendant had stood on the record as thus made and had declined to testify in his own behalf, the error

now under consideration would, no doubt, require a reversal of the judgment. However, on his cross-examination he admitted that the contents of the affidavit as testified to by the witnesses for the Commonwealth were, in substance, what they had stated in their testimony, and he did not deny his proven statement to the effect that his son had stated the truth in the affidavit as near as he could tell it, but if he had done so the evidence was abundantly sufficient to authorize the jury to find that he made it. By thus going on the stand and confessing to the contents of his son's affidavit, which had been proven by incompetent testimony, he waived the error, and can not complain of the incompetency of the testimony by which it was proven after he confessed the truth of the fact as so proven. See Brittian v. Commonwealth, 255 S. W. 59, 200 Ky. 461, and Marcum v. Commonwealth, 257 S. W. 714, 201 Ky. 527.

There was other testimony in the record almost conclusively establishing defendant's guilt, and it is exceedingly doubtful if a reversal of the judgment would be authorized if defendant had not cured the error now under consideration by confessing to the erroneously proven fact. But, however that may be, it is thoroughly established that he may not complain after having made the confession in his testimony.

Upon the whole case we find no error prejudicial to the substantial rights of the defendant, and the judgment is affirmed.