## Coomer v. Commonwealth.

(Decided February 19, 1929.)

LEEBERN ALLEN for appellant.

J. W. CAMMACK, Attorney General (DOUGLAS C. VEST, of counsel) for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

In a prosecution under section 1199, Ky. Statutes, Sarah Coomer was convicted of the crime of receiving stolen goods of more than $20 in value, and sentenced to the penitentiary for one year. It is urged that the defendant was entitled to a peremptory instruction to find her not guilty, and that the verdict is not sustained by the evidence, both of which may be considered together. The evidence shows that the store of Dillard Brewer was broken and Everett and Wilson Coomer, sons of appellant, were tried and convicted on that charge; it further appearing they were living in the house of appellant at the time the crime was committed. Clay Brewer testifies that after the store was broken, he went to Mrs. Coomer's

home, and on the ledge of a cliff nearby found a portion of the stolen goods. Wilson Coomer was close by at the time. He did not know whether the ledge on which the goods were found was on Mrs. Coomer's place or not. Nellie Coomer, the wife of one of the convicted boys, testifies that before the store was broken she heard Everett and Wilson conspiring to break the store. They were on the porch, and she and Mrs. Coomer indoors; she knows Mrs. Coomer heard them. The next morning Mrs. Coomer put the goods under the floor and then took them out and wrapped them in one of her dresses and took them and hid them in the cliff where they were found. On cross-examination, this witness admits that her feelings were unkind toward defendant, and that she had left defendant's home; says that defendant required her to do this because she would not swear falsely for her. She further admitted that some of the stolen goods were placed in her trunk when she left home, but says this was done by other parties. The commonwealth closed with this evidence, and defendant moved for a peremptory instruction, which was overruled. Thereupon defendant testified in her own behalf that she knew nothing at all of the store breaking, and heard of no plot or conspiracy between her sons to commit the crime. She says, however, that on the morning after it was committed she discovered the stolen goods on a machine, and, not wanting them left on her premises, and yet realizing they were taken by her own children, she bundled them up and removed them from her premises without secreting them or endeavoring to evade the law with reference to them. She positively denies hiding them under the floor. The two sons corroborate their mother. The evidence further shows the goods taken from the store exceeded $20 in value, but no witness attempts to place any value on the goods alleged to have been received by appellant.

"To constitute the crime of knowingly receiving stolen property, the property received must therefore have been the subject of larceny and appropriated by one other than the party accused of having feloniously received it. The reception must have been with the knowledge of the respondent that the property had been stolen and the reception must have been accompanied with an intention to deprive the owner of it." Roberson's Criminal Law, sec.

884, p. 1106; Ellison v. Com., 190 Ky. 305, 227 S. W. 458.

As Nellie Coomer testifies that she heard the boys conspiring to break the store, that she assisted her mother-in-law in wrapping up the stolen goods for the purpose of removal, and that part of the stolen goods were placed in her trunk and retained by her, she is clearly an accomplice in the crime charged in the indictment (Baker v. Com., 212 Ky. 50, 278 S. W. 163; Solomon v. Com., 208 Ky. 184, 270 S. W. 780), and the case turns upon the question as to whether there is sufficient corroboration of her evidence to support a conviction.

Section 241 of the Criminal Code provides: "A conviction cannot be had upon the testimony of an accomplice, unless corrobated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof."

In considering this statute in Com. v. McGarvey, 158 Ky. 570, 165 S. W. 973, we adopted the following test of the sufficiency of the corroboration of the testimony of an accomplice: "Eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witnesses with a view to ascertain whether there be inculpatory evidence—evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated."

Applying the above test, there was at the close of the commonwealth's testimony an entire failure of inculpatory, corroborative evidence tending to connect the defendant with the offense, and she was then entitled to a peremptory instruction. However, the defendant went upon the stand and testified that she did in fact have the goods in her possession, and that, knowing them to be stolen, she removed them. The manner of removal indicated an intention to deprive the owner of their possession, though she denied any criminal intent and offered a plausible reason for so doing. This constituted some evidence connecting her with the offense, and was sufficient for the purpose of corroboration, and, as this evidence strengthened the weakness of the commonwealth's evidence, the court did not err in overruling the peremptory at the close of all the evidence. Roberson's Criminal Law, sec. 1883; Minniard v. Com., 214 Ky. 641, 283

S. W. 1001; Marcum v. Com., 201 Ky. 527, 257 S. W. 714; Brittian v. Com., 200 Ky. 461, 255 S. W. 59. However, the court did err in not giving a misdemeanor instruction —indeed, only a misdemeanor instruction should have been given, as there was no evidence as to the value of the goods received by the defendant, and this cannot be determined by the value of those taken from the store, unless there is evidence conducing to show that all those so taken were received by defendant. Chenault v. Com., 90 Ky. 160, 13 S. W. 442.

Neither the court nor the jury are authorized to assume the goods so received were of $20 or more in value, and, unless there is some evidence indicating such value, the court on another trial will submit only a misdemeanor instruction.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.