## Pennington v. Commonwealth.

(Decided May 3, 1929.)

250

C. A. NOBLE for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Affirming.

Ray Pennington was convicted in the Perry circuit court of the crime of murder and sentenced to the penitentiary for life. He seeks a reversal of the judgment against him on three grounds: (1) That he was entitled to a peremptory instruction; (2) that the verdict is palpably against the evidence; and (3) that instructions given to the jury are erroneous.

On December 23, 1928, between 6 and 7 p. m., appellant, with two companions, was walking along the railroad track at Jeff, a station on the Louisville & Nashville Railroad in Perry county. They passed the deceased, Mack Summer, and a witness, Pratt. After they passed deceased made the remark to Pratt, referring to appellant and his companion: "They are drinking; they have got too much." Testimony on behalf of the commonwealth is to the effect that appellant had the appearance of being intoxicated and walked like he was drunk, that he was wobbling from one side of the railroad to another, and that the deceased called to him, saying, "Boys, you have got too much," and started after them, but all three of them ran, with deceased in pursuit; that deceased ran with his pipe in his mouth and a flash-light in his hand. It was then dark. At this point all parties passed out of the sight of the witness. No witness saw any further act upon the part of either appellant or his companions or the decedent, except that about 15 minutes later decedent opened the door of and stepped into the restaurant of Dan Kilborn, an uncle of appellant, a short distance below the point at which he had first accosted appellant and his companions, but without entering stepped back outside, closing the door, when a number of pistol shots were heard, and, upon investigation, immediately thereafter, he was found lying on the ground near the front of the restaurant and expired just about the time the first man reached him. There was no eyewitness to the killing.

Appellant says that as he and his companions passed along the railroad track deceased made the remark, "Boys, you have had a little too much," and that he immediately jumped and grabbed at them; that they all ran, and that he ran up the railroad, with the deceased after him; that he jumped over the railroad fill and ran down under the bank of the river, and heard deceased go on up the railroad some distance above him; that a few minutes later he heard a man, whom he took to be deceased, walking back down the railroad, and after passing beyond his hearing, he (appellant) left his hiding place and also walked down the railroad; that he had gotten nearly to Kilborn's restaurant when he saw deceased come out of it, and upon seeing him that deceased cursed him, called him a bad name, and said, "I don't guess you will run any further," and began shooting at him; that deceased shot at him twice before he shot at deceased; and that he shot only to save his own life.

The commonwealth showed that at the time of appellant's arrest he had two pistols on him one a 30 Luger automatic and the other a .38 special. It was shown by a number of witnesses that they were familiar with the sound made by a .38 special and the sound made by a 30 automatic; that they heard the shots fired in front of Kilborn's restaurant at the time deceased was shot; that the first shots fired were four shots from an automatic; that the next four shots were fired from a .38 special.

It was further shown that appellant was shot twice, the wounds being just a few inches apart; that there were two holes in deceased's back and two in front; that the holes in the back were smaller than the holes in front; and that the wounds had been made by a bullet the size of a 30 Luger pistol, and entered the body in the back.

Appellant's contention that he was entitled to a peremptory instruction is bottomed on the idea that in its testimony in chief, it was not shown by the commonwealth that any person saw appellant shoot deceased or that appellant had, up to that time, admitted the slaying; and that the shooting occurred from 12 to 15 minutes after appellant and deceased were last seen. Conceding, without deciding, that the commonwealth's testimony in chief was insufficient to take the case to the jury, yet when appellant's motion for a peremptory instruction was overruled, he took the stand and admitted the killing. It is well settled that after a defendant has moved

for a peremptory instruction at the conclusion of the commonwealth's evidence and his motion is overruled, if he then establishes the facts necessary to his conviction and this makes out the case, he cannot complain that his motion for a peremptory instruction was overruled, or that the commonwealth failed to make out its case by testimony produced by it. Minniard v. Commonwealth, 214 Ky. 641, 283 S. W. 1001; Brittian v. Commonwealth, 200 Ky. 461, 255 S. W. 59; Marcum v. Commonwealth, 201 Ky. 527, 257 S. W. 714.

The contention that the verdict is palpably against the evidence is equally without merit. The evidence showed beyond question that appellant did the killing; he admitted it and sought justification in defense of himself. He testified positively that deceased, upon stepping out of Kilborn's restaurant, and when within 30 feet of him, said "You G—— d—— s—— of a b——, I guess you won't run any further," immediately opened fire upon him, shooting at him twice before he fired a shot. While there is no witness who saw the shooting, there are a number who heard it, and who say they can distinguish the size and character of a pistol from the sound made by firing it, and who say the first four shots fired were fired from an automatic pistol; that there were then three or four shots fired from a .38 special, and then other shots from the automatic. Appellant admits he was shooting a Luger 30 automatic and that he also had a 38 special. Deceased was armed with a 38 special. The proof further showed that the two wounds on deceased's body, and which caused his death, entered his back, passed entirely through his body, and came out in front; that they were made by a 30-calibre bullet. The weight and sufficiency to be given this evidence, with the other facts and circumstances developed on the trial, were altogether within the province of the jury; and we are authorized to reverse a judgment as being flagrantly against the evidence only when it appears that it is so much against the weight of the evidence as to shock the conscience and to clearly appear that the verdict was reached as the result of passion or prejudice on the part of the jury. The testimony in this case will not permit a reversal on that ground. McCurry v. Commonwealth, 205 Ky. 211, 265 S. W. 630; Clark v. Commonwealth, 277 Ky. 418, 13 S. W. (2d) 250.

The contention that the instructions are erroneous cannot be sustained. It is urged that the appellant did not know deceased and did not know he was an officer; that at the time deceased first accosted appellant, on the railroad track, remarking, ''Boys, you have had a little too much,'' he gave no information that he was an officer or that he intended to arrest either of them; he did not know the officer desired to arrest them or either of them, and because of which it is now insisted that, if appellant in resisting the further actions of deceased shot and killed him, he was not guilty of murder, but of manslaughter, and that the court should have so instructed the jury. He relies upon the cases of Cornett v. Commonwealth, 198 Ky. 236, 248 S. W. 540, and Fleetwood v. Commonwealth, 80 Ky. 1, wherein the principle is stated that:

''At common law and under the decisions of this state in resisting an officer who is attempting to legally arrest an offender, if the latter kills the arresting officer the crime is murder if he knows the official character of the officer, but manslaughter if he does not know the same.''

Conceding that when appellant and his companions passed deceased on the railroad track and deceased remarked, ''Boys, you have had a little too much,'' and jumped at appellant, appellant did not know he was an officer, that deceased did not inform him of that fact nor that he intended to arrest him, yet the killing did not occur at that time; appellant escaped and hid himself. The killing did not occur until, some 15 minutes later, after deceased had given up the chase, turned back, and on leaving Kilborn's restaurant encountered appellant, the shooting commenced and he was killed. It is not contended by appellant that at this time deceased attempted to arrest him. On the contrary, he says that upon seeing him deceased cursed him, said, ''You won't run any further,'' and immediately opened fire on him, and that he shot deceased solely to save his own life. Clearly, therefore, the principle announced in the Cornett and Fleetwood cases has no application to the facts here, and appellant was not entitled to the instruction contended for.

Perceiving no error, the judgment is affirmed.