## Cardwell v. Commonwealth.

(Decided December 19, 1930.)

BRATCHER & MOORE for appellant.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

The appellant, Alex Cardwell, was indicted in the Butler circuit court and accused of committing the offense of false swearing in his testimony at the trial of a prosecution pending in that court, of Commonwealth v. Sam Garner, in which the latter was charged with a second commission of a violation of our Prohibition Statute (Laws 1922, c. 33), which made it punishable as a felony. At appellant's trial the jury found him guilty of the false swearing with which he was accused in the indictment, and punished him by confinement in the peniten-

tiary for one year. His motion for a new trial was overruled, and from that order and the judgment pronounced on the verdict he prosecutes this appeal, urging, through his counsel, as prejudicial errors entitling him to a reversal: (1) The insufficiency of the evidence to sustain the conviction; (2) improper admission of evidence introduced by the commonwealth, and (3) failure of the court to instruct the jury upon the whole law of the case.

The disposition of ground (1) and also, perhaps, that of the other two, requires that a substantial synopsis of the evidence be made. The whisky with which Sam Garner was charged as unlawfully possessing under the indictment for his second offense under our Prohibition Statute was about one-half pint of white moonshine liquor contained in a pint bottle, and the proven place of such possession was at the country store of Jim Phelps, located in Butler county, and to which the appellant, Cardwell, accompanied him on that occasion, and both were to some extent intoxicated. While they were there the bottle was produced by Garner, and appellant took a drink of it and the two offered Phelps a drink, but he declined. At the same time both of them stated to Phelps (as he testified) that the contents of the bottle was "white mule whisky" At the trial of Garner both he and appellant, Cardwell, testified that, notwithstanding the testimony of Phelps as above indicated, the contents of the bottle referred to by him was not intoxicating liquor, but was gasoline that Garner had put into the bottle for the purpose of using in cleaning some of his soiled clothing and which his sisters-in-law, who were to do the cleaning, had requested him to obtain. Notwithstanding that testimony, so given by Garner and appellant at the former's trial, he was convicted and sentenced to serve a term in the penitentiary, but, before he was carried to prison by the sheriff of the county, he appeared before the grand jury and procured this indictment against appellant by testifying before it that both his testimony, and that of appellant at Garner's trial, that the contents of the bottle was gasoline and not whisky, was false and known to be so by both of them, since the contents was whisky, and that some of the whisky that had been in the bottle had been consumed by him and appellant before they arrived at the store of Phelps.

Appellant on the instant trial introduced two sisters-in-law of Sam Garner who testified that on one occa-

sion, about the time when appellant and Garner were at the store of Phelps, the two did bring to their home a bottle containing gasoline to be used by them for the purpose hereinbefore stated, but they testified that such transaction occurred a few days before the death of their father who was then extremely ill and not expected to live. Phelps was introduced in rebuttal and testified that the occasion when Garner and appellant appeared at his store with the pint bottle, as testified to by him in chief, was a few days after the death of the person above referred to, and which was denied by no one, and, if true, clearly demonstrates that the testimony of the sisters-in-law of Garner referred to a different occasion. It was also proven in this case that Garner, after his conviction, threatened to indict appellant if the latter did not procure the execution of an appeal bond for Garner in the sum of $500, and which appellant failed or was unable to do, and Garner testified in this case that he did not voluntarily appear before the grand jury, but testified before it at its request. However, the members of the jury who tried this case were the judges of the credibility of Garner as a witness in this case and also that of each witness who testified. We therefore conclude that the contention that a peremptory instruction should have been given is without merit, nor can it be said that the verdict is palpably against the evidence, provided it is competent.

In support of ground (2) it is argued that the proof of the pending prosecution against Garner, and at the trial of which appellant gave his alleged false testimony, was incompetent, since it was testified to orally by the clerk of the Butler circuit court without the production of the record establishing the pendency of such prosecution, and the cases of Commonwealth v. Davis, 94 Ky. 612, 23 S. W. 218, 15 Ky. Law Rep. 262; Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223, 28 Ky. Law Rep. 683; and Partin v. Commonwealth, 154 Ky. 701, 159 S. W. 542, are relied on in support of that contention, and to which might have been added the case of Brittian v. Commonwealth, 200 Ky. 461, 255 S. W. 59, 60. In those cases, and others cited in the opinions, it was held that, upon the trial of a prosecution for false swearing or perjury, the pendency of the action in which the alleged false testimony was given by defendant in the indictment (if done in a pending case) should be proven by the record of the court in which the action was pending and

at the trial of which the false testimony was given, and that the oral testimony of the clerk of the court that such an action was pending was not the proper method of proving that essential fact, and, if objected to, it should not be admitted.

There can be no doubt of the soundness of that rule of practice; but appellant here cannot avail himself of it for two reasons; the first of which is that he nowhere or in any manner objected to the complained of testimony of the circuit clerk; and the second one is that, instead of standing on such objections if they had been made, he took the stand in his own defense and admitted that he testified in the prosecution against Sam Garner, and that there was such a prosecution pending in the Butler circuit court, and which was the direct point involved in the Brittian case and disposed of by us in this language: ''However, the defendant did not stand upon his objections to this proof and his motion for a peremptory based thereon, but took the stand in his own behalf, and testified upon his direct examination that his alleged false statements were made by him 'on the occasion mentioned here by the witnesses.' The occasion thus referred to was his trial in the police court, and he therefore established, by his own evidence, the very thing of which he now complains as (erroneously) established by the commonwealth. This he may not now do, since he waived the error, as was expressly held under similar circumstances in the recent case of Eureka Elkhorn Coal Co., etc. v. Lawson, 195 Ky. 14, 241 S. W. 335.'' It is therefore clear that this ground is also unavailable to appellant on this appeal.

It is furthermore argued in brief that the necessary corroboration of the testimony of Garner was lacking in this case, and for that reason also the asked for peremptory instruction should have been given; but we conclude that the position is not well taken. Phelps, it will be remembered, testified that appellant and Garner expressly admitted and stated, while at his store, that the contents of the bottle was whisky, and that they offered him a drink of it. If there was no other corroborative fact in the case, such proven admission by appellant would be sufficient compliance with the rule requiring two witnesses, or one and corroborating testimony, to sustain a conviction in prosecutions of this nature.

The only complained of error under ground (3) is, that the court should have given an instruction on drunk-

680

enness of the appellant, and which is based upon the theory that at the time he and Garner were at the store of Phelps appellant was so drunk that he could not realize or comprehend what were the contents of the bottle that they had with them. In the first place the testimony fails to establish the degree of intoxication that would call for an instruction based upon it, even if the case is one requiring it if there is supporting proof of it. If, however, it should be held that this is an offense that the law would excuse for the proper degree of proven intoxication, appellant would not have been entitled to such an instruction in this case, since the time to which such proof should be directed is that of the commission of the offense with which defendant is accused, which in this case was the time of the trial of Sam Garner in the Butler circuit court, and there is no pretense that appellant was intoxicated to the least extent at that time. It is therefore clear that this ground is also without merit.

Wherefore, finding no error prejudicial to the appellant's substantial rights, the judgment is affirmed.