**Ronald Lee WATSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 27, 1969.

George W. Mills, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

Ronald Lee Watson was convicted of armed robbery and was sentenced to serve 21 years in prison. He urges that the court erred with the reference to in-court identification by the victims, in failing to defer trial until he had been afforded a preliminary hearing, and in refusing to separate the witnesses who had testified from those who had not.

Mr. and Mrs. Donald Hendrix and Mr. and Mrs. R. E. McKinley were robbed in their motel room in Lexington on the night of December 29, 1967. About $1,000 in

cash and travelers' checks were taken. Both couples were tied and bound and, except for Mr. Hendrix, were gagged.

Two robbers entered the victims' room and the one who was identified as the appellant gave the commands and held the gun. Although the appellant wore a jacket with a hood on it, a bit of his hair, his facial features, neck and chin were visible. During the robbery he did not use his right hand and kept it inside his coat, holding the gun with his left hand. The person identified as appellant was in the same room with the victims for half an hour or longer. During this period, even though one light was turned off, other lights did remain on so that objects could be seen clearly.

By way of corroboration of appellant's presence in Lexington and the condition of one of his hands, a physician testified that appellant was admitted to St. Joseph's Hospital in Lexington at 12:40 a. m. on the morning after the robbery with blood poisoning in his right hand.

William Lee Holland, who had been jointly indicted with the appellant, was granted a separate trial on the basis of a motion for severance filed by appellant. At appellant's trial Holland testified in complete detail concerning the robbery. He also said that they committed the robbery because they were "out of money and out of gas."

■ About five months after the robbery the Lexington Police Department sent a letter to the four victims, enclosing a photograph or photographs of appellant, and asked if they "could identify this as the smaller man in the robbery." Appellant contends that this was an impermissible suggestive procedure in violation of the rule in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. The victims testified concerning the identification of appellant. Each had ample opportunity to observe the robbers under adequate lighting conditions at close range in the motel room over a period of half an hour or longer. Although appellant wore a hood, nothing

suggests that his facial features were obscured. On cross-examination it was shown that the facial features were visible and were seen from more than one angle. Nothing suggests that the in-court identification or the pretrial identification by photograph violated the Simmons rule.

■ Appellant urges that he was not afforded a preliminary hearing. He insists that Commonwealth v. Watkins, Ky., 398 S.W.2d 698, cert. denied 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677, should be overruled. No authority is cited. We decline the suggestion.

■ It is urged by appellant that under RCr 9.48 the witnesses who had testified should have been kept separated from those who had not testified. The trial court had a broad discretion in this matter. We are not persuaded that such discretion was abused. Stone v. Commonwealth, Ky., 418 S.W.2d 646; Ragland v. Commonwealth, Ky., 421 S.W.2d 79.

Finally, if there had been any doubt of the correctness of the rulings complained of, it would have been erased by the rule stated in Miller v. Commonwealth, 240 Ky. 346, 42 S.W.2d 518; Clark v. Commonwealth, 269 Ky. 833, 108 S.W.2d 1036; and Smith v. Commonwealth, 283 Ky. 492, 141 S.W.2d 881. Those decisions were based on section 340 of the Criminal Code of Practice, now RCr 9.26, which in substance provides that a judgment shall not be reversed for any error or defect if the court upon consideration of the whole case is satisfied that the substantial rights of the defendant have not been prejudiced.

On the trial appellant testified in detail to the commission of the armed robbery and his counsel in argument to the jury admitted guilt. The rule is stated in Miller thus:

"Accepting and considering appellant's own testimony, his guilt is established, and the wisdom of the Code provision, supra, is abundantly shown. It is a fixed

rule of practice that any essential fact necessary to convict a defendant may be established by the testimony of himself or of a witness in his own behalf. The appellant's testimony shows his guilt beyond a reasonable doubt, and he cannot now complain. Minniard v. Com., 214 Ky. 641, 283 S.W. 1001; Brittian v. Com., 200 Ky. 461, 255 S.W. 59; Marcum v. Com., 201 Ky. 527, 257 S.W. 714; Card- well v. Com., 236 Ky. 676, 33 S.W.2d 695."

■ There was no error or defect in the proof, but had there been one, it would have been cured by appellant's testimony and his counsel's admission of appellant's guilt.

Judgment affirmed.

All concur.