## Smith v. Commonwealth.

(Decided November 4, 1910.)

### Appeal from Breathitt Circuit Court.

1. New Trial—Absence of Witnesses—Failure to Have Witnesses Summoned.—Where the affidavit of the defendant for a new trial because of the absence of his witnesses on the trial fails to show that the defendant exercised due diligence to have his witnesses properly subpoenaed to attend the trial the court properly refused to continue the case or to require the prosecuting attorney to agree that his affidavit be read in lieu of the evidence of the absent witnesses.

2. Corroborating Evidence.—It is only as to the question of the falsity of the charge involved that the testimony of two witnesses and corroborating circumstances are necessary to convict the defendant on trial.

O. H. POLLARD for appellant.

JAMES BREATHITT, Attorney General; TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

The appellant, William Smith, was indicted by the grand jury of Breathitt county, charged with the offense

of false swearing. A trial before a jury resulted in his being found guilty as charged in the indictment, and his punishment fixed at confinement in the penitentiary for a term of two years. To reverse this judgment he presses upon our attention three errors.

The first is that the court erred in refusing him a continuance upon the calling of his case for trial, because of the absence of witnesses whose testimony was essential to his defense. On this point it is sufficient to say that the affidavit does not show that the defendant exercised due diligence to have his witnesses properly subpoenaed to attend the trial, and the court, therefore, properly refused to continue the case or to require the prosecuting attorney to agree that his affidavit be read in lieu of the evidence of the absent witnesses.

The second error is that the court should have peremptorily instructed the jury to find the defendant not guilty. This contention is based upon the theory that the evidence of the Commonwealth did not measure up to the requirements of the common-law rule, that in order to convict of perjury the evidence of two witnesses, or of one with corroborative circumstances, are necessary. In this we think the appellant is mistaken. The prosecuting witness, Daisy Richie, testified positively to the guilt of appellant, and her mother detailed facts which were strongly corroborative of the truth of her evidence. It is true, the mother's evidence was not corroborative of that of her daughter on every fact which it was incumbent upon the Commonwealth to establish. For instance, Daisy Richie testified that appellant was duly sworn by the circuit judge before he gave the false evidence for which he was indicted. The mother did not know whether this was true or not, and, therefore, did not corroborate her daughter on the question as to whether or not an oath was administered to appellant prior to giving the evidence charged to be false and for which he was indicted. It was not necessary that Daisy Richie's testimony, that the defendant was duly sworn when he testified, should have been corroborated either by the testimony of another witness, or in any other way. It is only as to the question of the falsity of the charge involved that the testimony of two witnesses and corroborating circumstances are necessary. Bishop's New Criminal Procedure, Vol. 2, Sec. 929. But, passing this, we think the evidence of Daisy Richie was corroborated. Her testimony was corroborated on the subject of the oath having been

administered .to appellant by the fact that he was per-
mitted .to testify in the case in which he was called as a
witness. All know that it is customary to administer an
oath to a witness before he testifies in a proceeding in
court, and the false testimony with which appellant was
charged was given in a prosecution before the circuit
judge of Breathitt county. Therefore, it is. highly prob-
able that he was sworn, and the fact that he was allowed
to testify certainly tends to corroborate the positive oath
of Daisy Richie, that he was sworn before he gave his
testimony. The defendant in his testimony in the case at
bar, while he contradicted Daisy Richie on the main part
of her evidence, did not say that he was not sworn when
he gave his evidence in the former case. This being a
fact material to his guilt, we may assume that if he had
not been sworn on the former trial, he would have so
testified on the trial in this case.

The instructions of the court seem to us beyond criti-
cism. The one complained of, which relates to the rea-
sonable doubt of the appellant's guilt, is substantially in
the words of section 238 of the Criminal Code, and this
instruction we have often said should be given in the
language of the Code.

A careful examination of this record convinces us
that the appellant has no substantial grounds of com-
plaint, either of the ruling of the court or the verdict of
the jury, and the judgment is, therefore, affirmed.