## Daniels v. Commonwealth.

(Decided September 24, 1918.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Evidence—Submission to Jury.—Where there is some evidence by the Commonwealth of the defendant's guilt, although circumstantial and contradicted by the evidence for the defendant, there is sufficient evidence to warrant a submission to the jury and their verdict will not be disturbed unless flagrantly against the evidence.

2. Criminal Law—Evidence—Admonition.—Evidence of a confidential communication between a defendant and his counsel, and, therefore, incompetent, held to have been sufficiently removed from the consideration of the jury by its exclusion by the court, accompanied by an admonition to the jury not to consider it when upon cross-examination its confidential nature was disclosed; and even under circumstances which will render the exclusion of the testimony and admonition of the court insufficient to remove the effect of such evidence upon the jury, the failure by the defendant to move to set aside the swearing of the jury and continue the case, is a waiver.

3. Criminal Law—Witnesses.—It is not error for the court, when a witness fails or refuses to give responsive answers to questions propounded to him, to repeat the questions to the witness and demand of him responsive answers thereto.

4. Criminal Law—Instructions.—Instructions which, though inaptly drawn, when considered as a whole, correctly state the law are not prejudicial.

JAMES M. ROBERSON, A. J. MAY, R. H. COOPER and O. R. STUMP for appellant.

CHARLES H. MORRIS, Attorney General, D. M. HOWERTON, Assistant Attorney General, and R. MONROE FIELDS, Commonwealth's Attorney for the Thirty-fifth Judicial District, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant, John P. Daniels, was jointly indicted with his son, G. C. Daniels, for forging and uttering a deed for a tract of land in Pike county, from James C. Justice to John P. Daniels, and upon a separate trial was convicted of uttering the instrument, and sentenced to confinement for five years in the penitentiary, from which judgment he is prosecuting this appeal.

1. It is admitted that the instrument was a forgery, but it is urgently insisted that there was not sufficient evidence that the appellant knowingly uttered the instrument to warrant a submission to the jury or sustain the verdict. This view of the testimony, however, accepting as true the evidence for the defendant, entirely disregards the testimony for the Commonwealth which is quite positive that the appellant did deliver the forged instrument to J. S. Cline for record, and, upon the faith of its authenticity, sold and conveyed to Cline the minerals in the land, which is certainly evidence of an utterance; and while this is denied by the appellant, as is also his knowledge that at the time the forged instrument was

uttered he had any knowledge of its forgery, there was ample testimony, circumstantial in character, that he knew the instrument was not genuine. He admits that he attested the signature of Justice to the deed although he was not present and did not see Justice sign it, which is only one of several circumstances connected with the execution and delivery of the deed, which indicates quite convincingly that the appellant was not without guilty knowledge of the true facts, and we are quite sure that the evidence for the Commonwealth, although contradicted by that for the defendant, was ample to warrant a submission of the case to the jury and to sustain their verdict, upon both questions of fact in issue, viz., the question of utterance and of appellant's guilty knowledge at the time.

2. It is next insisted that the judgment should be reversed because of the admission of incompetent testimony, the first of which complained of is that of W. K. Steele, relative to statements made by G. C. Daniels in the presence of appellant in the office of his attorney, Willis Staton. The record discloses the fact, however, that all such testimony of this witness was excluded by the court and the jury admonished not to consider it when is was brought out, on cross-examination, that the appellant at the time of the conversation was in conference with his attorney. We do not find anything in the circumstances of this case, as counsel for appellant insists there is, which rendered the court's admonition insufficient to remove the testimony from the consideration of the jury; but however that may be, appellant did not avail himself of the right to move the court to set aside the swearing of the jury and continue the case, and, having taken his chances upon the verdict without so doing, he may not now complain.

The next testimony to which objection is made is that of K. F. Keathley, to the effect that the appellant told him that he was not uneasy about the case, that the land was bought and paid for, and that four witnesses saw Justice sign the deed, it being stated in brief by counsel that appellant was at the time a prisoner in the custody of the witness; but we do not find in the record any evidence to sustain counsel's statement, nor was there an objection interposed to the introduction of this evidence.

The testimony of H. R. Blackburn that Mr. Justice, whose signature was forged to the deed, was 80 years of age, infirm, and unable to go to town, was competent for the purpose of explaining the absence of this important witness for the Commonwealth.

The last insistence under this head is that appellant's substantial rights were prejudiced by the methods of the commonwealth's attorney in the cross-examination of appellant with reference to the deposition given by James C. Justice in a civil suit instituted by him against the appellant for cancellation of the deed. Most of these questions were, we think, incompetent; but to such of them as were incompetent the court sustained objections and admonished the jury not to consider them, and we are unable to find anything in the methods or conduct of the commonwealth's attorney in asking these questions, although incompetent, which would authorize a reversal.

3. It is next insisted that the court, in propounding certain questions to the witness for the appellant, G. C. Daniels, indicated to the jury the court's conviction of appellant's guilt, which conclusion of counsel is, we are sure, unwarranted, especially since the court, in propounding the questions and demanding of the witness an answer, was but repeating questions asked by the attorney for the Commonwealth which the witness did not answer responsively. This course upon the part of the court was not only proper, but was rendered necessary by reason of the failure of the witness to give responsive answers to the questions asked him, and, of course, was not error.

4. It is next insisted that instructions A and B are erroneous: instruction A in that it did not give to the defendant the benefit of a reasonable doubt on the question of whether or not the deed was uttered; but upon a careful reading of the instruction as a whole we do not think it open to this criticism, although it might have more aptly stated the law, which, it is admitted, it otherwise correctly stated. But even if there were doubt from the verbiage of this instruction, as to defendant's right to proof of guilt beyond a reasonable doubt upon every fact necessary to show his guilt, it was removed by instruction C, given upon the question of reasonable doubt and couched in the language of the code. Instruction B is criticised because the court used the word "accomplice"

instead of "accomplices." This criticism is based upon the defendant's theory that one of the Commonwealth's chief witnesses, Cline, was an accomplice of appellant as well as G. C. Daniels, and that the instruction referred to only one accomplice rather than two.

This criticism, if not too trivial in fact to deserve serious consideration, is wholly without. merit, because the instruction is equally applicable to the testimony of any accomplice, whether one or more than one.

Finding no error in the record prejudicial to the appellant's substantial rights, the judgment is affirmed.