## Coffman v. Commonwealth.

(Decided February 2, 1923.)

### Appeal from Hardin Circuit Court.

1. Criminal Law—Refusal to Discharge Jury.—The defendant cannot complain upon appeal of the court's refusal to discharge the jury because of the introduction of incompetent evidence which the court, upon his motion, excluded and admonished the jury not to consider, where thereafter upon cross-examination the defendant brought out the same fact.

2. Criminal Law—Instructions—Prejudicial Error.—An instruction authorizing a conviction upon the jury's belief of the necessary facts "from the evidence" rather than "from the evidence beyond a reasonable doubt" is erroneous, but not prejudicial where a separate instruction upon reasonable doubt correct in form was the only other instruction given.

3. Criminal Law—Prejudicial Error—Bill of Exceptions.—This court cannot say that the trial court committed prejudicial error in overruling defendant's objection to a reference to him as "that bird" by the Commonwealth's attorney in closing argument, where it is not shown in what connection the term was used, and the bill of exceptions simply recites the fact of such reference and defendant's objection and exception thereto.

WILL M. GRAHAM for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of carnally knowing a female under sixteen years of age, as denounced by section 1155, Kentucky Statutes, and sentenced to confinement for ten years in the penitentiary. Appealing from that judgment, he complains (1) of the admission of incompetent evidence; (2) of the instructions, and (3) of the argument to the jury by the Commonwealth's attorney.

The prosecuting witness on her direct examination stated that as a result of defendant's intercourse with

her, she "got in a family way." To this statement the defendant objected, after it had been made, and his objections were sustained, whereupon he moved that the jury be discharged, which motion was overruled, and he excepted. The court then admonished the jury not to consider the statement. Such evidence was held incompetent upon a charge similar to this in Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, but the court's admonition was sufficient, in our judgment, to prevent any prejudicial effect therefrom, hence the refusal to discharge the jury was not error. But whether so or not, defendant cannot now complain thereof, since on the cross-examination of the witness he brought out the same fact as well as the date of the birth of the child, and when the witness first informed her mother of her condition. Dukes v. Commonwealth, 196 Ky. 60.

2. The court gave but two instructions, the first authorizing the jury to convict the defendant "if you believe from the evidence" that he committed the acts therein set out as charged in the indictment. The second instruction reads:

"If you have a reasonable doubt of defendant being proven to be guilty, you should acquit him."

This second instruction is not criticised, as it could not be, since it follows substantially the language of section 238 of the Criminal Code, and this we have held is the correct practice in a great many cases that are cited in the notes to this section.

The criticism is of the omission from the first instruction following "if you believe from the evidence" the words "beyond a reasonable doubt." We have uniformly held this to be error, but so far as we can find, have never reversed a case for this error alone, where a separate instruction upon reasonable doubt was given in proper form, unless it be the case of Ison v. Commonwealth, 66 S. W. 184, 23 Ky. L. R. 1805, and it does not appear from that opinion whether or not any instruction was given on reasonable doubt. We have, however, reversed several cases where this and other errors were pointed out without specifying any one of such errors as the reason therefor. Ball v. Commonwealth, 99 S. W. 326; Howell v. Commonwealth, 104 S. W. 685; Berry v. Commonwealth, 149 Ky. 348, 149 S. W. 824; Hudson v. Commonwealth, 161 Ky. 257, 170 S. W. 620. Upon the other hand, we have in numerous cases refused to reverse for the omission of the words "beyond a reasonable doubt" from clauses in

the principal instructions that defined an essential ingredient of the offense and which the jury had to believe beyond a reasonable doubt before a conviction was authorized, where in a separate instruction the defendant was given the benefit of a reasonable doubt upon the whole case. Some of such cases are: McClernand v. Commonwealth, 12 S. W. 148, 11 Ky. L. R. 301; Powers v. Commonwealth, 110 Ky. 386, 61 S. W. 735; O'Day v. Commonwealth, 99 S. W. 937, 30 Ky. L. R. 848; Lake v. Commonwealth, 104 S. W. 1003, 31 Ky. L. R. 1232.

In the O'Day case, *supra,* we said in substance that every instruction has a separately given reasonable doubt instruction read into it, and made a component part of it. Supporting by analogy this statement and the above cases are numerous cases holding that a separate instruction upon self-defense cured an erroneous omission from the instruction upon murder of the clause "and not in his necessary self-defense, etc." Hoskins v. Commonwealth, 152 Ky. 808, 154 S. W. 919.

It is unquestionably true that all facts necessary to make out the defendant's guilt must be believed by the jury from the evidence "beyond a reasonable doubt" before a conviction is authorized; and unless the two instructions given in this case, considered together as we have uniformly held must be done, required of the jury that they believe from the evidence beyond a reasonable doubt every fact necessary to establish defendant's guilt as recited in the first instruction before a conviction was authorized, the instructions as a whole were not only erroneous but were prejudicial as well.

But upon the other hand, if the jury must have understood that this was true, from a consideration of both instructions, appellant was not prejudiced by the omission, although error, of the words "beyond a reasonable doubt" from the first instruction, and the judgment ought not to be reversed therefor.

Where, as here, there are but two instructions, and the second is the reasonable doubt instruction and correct in form, we do not see how the jury could possibly have failed to understand that it qualified the first, since it could not reasonably have had any other purpose or been given any other effect.

In Daniels v. Commonwealth, 181 Ky. 392, 205 S. W. 402, where there were three instructions and it was claimed that the first instruction did not require the jury

to believe the essential facts of guilt beyond a reasonable doubt, we said:

"But even if there were doubt, from the verbiage of this instruction, as to the defendant's right to proof of guilt beyond a reasonable doubt upon every fact necessary to show his guilt, it was removed by instruction C, given upon the question of reasonable doubt and couched in the language of the Code."

We feel sure the jury could not, in this case, have failed to understand that they could not convict the defendant unless they believed from the evidence beyond a reasonable doubt that he had committed the offense as charged in the indictment and defined in the first instruction, and that the judgment should not be reversed because of the instructions.

The remaining error suggested by counsel for appellant is that the Commonwealth's attorney's argument was improper and prejudicial because he referred to the defendant as "that bird." While the propriety of such a reference to a defendant by the Commonwealth's attorney in his argument of any case to a jury is, at least, doubtful, we certainly can not say that the court committed prejudicial error in overruling the objection thereto when, as here, we are not informed of the connection in which it was used, and the bill of exceptions simply recites the fact of such a reference to the defendant and an objection and exception thereto.

The prosecuting witness was but 13 years of age at the time complained of, and the defendant was the husband of her sister. Her evidence of his guilt is positive and substantially corroborated by that of her younger brother. Defendant denied their evidence *in toto*, and the other evidence tends in a way to sustain the side introducing it. A careful consideration of the whole case convinces us that defendant has been accorded a fair and impartial trial, and that the verdict was not induced or affected in the least by any or all of the matters of which complaint is made.

Judgment affirmed.