## Coleman v. Commonwealth.

(Decided February 13, 1925.)

### Appeal from Pike Circuit Court.

1. **Homicide—Instruction as to Murder and Manslaughter Held Not Erroneous.**—Instruction that if accused "willfully, and not in his necessary or apparently necessary self-defense" shot and killed

deceased, jury should find him guilty of willful murder, if shooting was with malice aforethought, and guilty of voluntary manslaughter if shooting was without malice aforethought, held not erroneous because combining murder and manslaughter in one instruction, or because quoted words were not repeated in latter part of instruction.

2. Homicide—Omission of Word "Feloniously" from Instruction Held Not Reversible Error.—Omission of word "feloniously" from instruction relating to murder and manslaughter is not reversible error.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of manslaughter under an indictment charging him with having murdered Howard Hunt.

The killing is admitted and its justification attempted upon the ground of self-defense. Upon that issue the evidence is conflicting and admittedly sufficient to sustain the verdict.

There is no complaint of the sufficiency of the indictment, or the admission or rejection of evidence, and a reversal is asked upon the sole ground that the instruction upon the subject of manslaughter is erroneous because it and the one on murder are combined in a single instruction, and the words "willfully and not in his necessary or apparently necessary self-defense" are not repeated in the latter part of the instruction. It reads:

> "If you shall believe from the evidence beyond a reasonable doubt that the defendant, Anthony Coleman, in Pike county, Kentucky, and before the finding of the indictment herein, willfully and not in his necessary or apparently necessary self-defense, shot Howard Hunt with a pistol and that Howard Hunt died thereby, and within a year and a day thereafter, you will find him guilty; guilty of willful murder, if the shooting was done with malice aforethought, guilty of voluntary manslaughter if the shooting was done not with malice aforethought, but in a sudden affray or in sudden heat of passion, and upon provocation ordinarily calculated to excite passion beyond control."

We expressly held in Ball v. Commonwealth, 125 Ky. 601, 101 S. W. 956, that it was not error to thus combine in one instruction the court's instructions upon murder and manslaughter, and the instruction therein approved does not differ from this one in any essential feature. O'Day v. Commonwealth, 30 Ky. L. R. 848, 99 S. W. 937, is to the same effect, and the instruction here is copied literally, in so far as the facts permit, from section 742 of Hobson, Blain and Caldwell on Instructions.

The instruction clearly required the jury to believe beyond a reasonable doubt that the defendant killed Hunt "willfully, and not in his necessary or apparently necessary self-defense" before they could find him guilty of either murder or manslaughter. There is, therefore, no room for a presumption that the jury did not so construe it or could have construed it otherwise.

Besides this court uniformly has held, in all more recent cases, that the omission of the reasonable doubt phrase in the instruction on manslaughter or murder was not prejudicial where, as here, a correct separate instruction was given on the question of reasonable doubt, and that this and other qualifying phrases at the beginning of an instruction applied throughout same. Powers v. Commonwealth, 110 Ky. 386, 61 S. W. 735; Coffman v. Commonwealth, 197 Ky. 498, 247 S. W. 355.

The instruction is also criticised as a whole because of the omission of the word "feloniously" therefrom, but this, too, has uniformly been held not reversible error in recent years. See O'Day v. Commonwealth, *supra,* and cases there cited.

No reversible error being apparent, the judgment is affirmed.