## Pugh v. Commonwealth.

(Decided January 11, 1927.)

## Appeal from Pike Circuit Court.

1. Perjury—Testimony That Accused Was Seen Shooting on Highway During 12-month Period Before Trial Held Insufficient to Prove Denial of Shooting at Trial Was False Swearing.—That accused, in prosecution for shooting on public highway, swore falsely that he did not shoot thereon, held not sufficiently shown in prosecution for false swearing by testimony of witnesses that they had seen accused shoot on public highway within 12 months before trial therefor.

2. Criminal Law—Testimony of Commonwealth's Attorney That Accused Had Offered Bribe Held Improper Rebuttal.—Testimony of Commonwealth's attorney, in prosecution for false swearing, that accused had offered to bribe him, held improperly admitted as rebuttal being properly part of evidence in chief.

3. Criminal Law—In Presecution for Falsely Denying Shooting on Highway, Witnesses Guilty of Shooting on Highway Were Not Accomplices Requiring Corroboration.—Witnesses, in prosecution for falsely denying shooting on highway, though guilty of shooting on public highway at same time that accused was charged therewith, were not accomplices requiring corroboration.

DAUGHERTY & BARRETT, for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Asistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant, Tom Pugh, was charged in an indictment returned by the Pike county grand jury with the crime of false swearing and he was convicted by the petit jury and his punishment fixed at one year in the state penitentiary.

The indictment charges appellant with having committed the offense on the 8th day of October, 1924, when he gave evidence in a case then pending in the Pike circuit court, wherein he was on trial for the offense of shooting on a public highway. The indictment aptly charges that on the trial of that case the appellant herein, after having been duly sworn, testified that he did not shoot on the public highway and that it was Theodore Anderson who shot on the public highway, when in truth and in fact it was the appellant who shot at the time and

the statement that he did not shoot on the public highway at the time was false and known by him to be false at the time he so testified.

Two witnesses were introduced by the commonwealth to sustain the charge in the indictment. Each of these witnesses was asked substantially the same questions by the attorney for the commonwealth and they made substantially the same answers. There was no effort made to confine the evidence of these witnesses to the particular occasion for which the appellant was tried on the charge of shooting on the public highway. These witnesses were asked if they knew when appellant was tried for shooting on the public highway, and then further asked if they had seen him shoot on the public highway within twelve months prior to said trial. Each of these witnesses stated that he had seen him shoot on the public highway within twelve months before his trial on the charge of shooting on the public highway. No other evidence was offered by the commonwealth other than an agreement on the part of the appellant that he did testify at his trial aforesaid that he did not shoot on the public road and that it was Theodore Anderson who did the shooting. Is the evidence of two witnesses that they had seen appellant shoot on the public highway within twelve months before his trial on that charge sufficient to show that he swore falsely when he testified that he did not do the shooting for which he was tried? We think not. He may have been guilty of shooting on the public highway a number of times within a year before his trial for that offense, but he could not be convicted by showing that he had been guilty of the offense of shooting on the public highway at a time other than that for which he was being tried. At another trial the commonwealth will identify the shooting on the public highway for which he was tried with the shooting on the public highway testified about by the witnesses in this prosecution.

At the conclusion of the evidence introduced by the commonwealth appellant moved the court for an instruction directing the jury to acquit him. This motion was overruled and exceptions taken to the ruling. The motion should have been sustained.

Another error complained of by appellant is that he was asked on cross-examination by the commonwealth's

attorney if he had not offered to bribe the commonwealth's attorney in connection with this prosecution. He denied that he had made any such attempt. The commonwealth's attorney testified in rebuttal that appellant had offered to bribe him. This was evidence in chief, but as the same error will not occur at another trial it is unnecessary to determine whether the evidence was prejudical to the rights of appellant.

It was also argued that the court erred in the instructions because the jury was not told that appellant could not be convicted on the testimony of an accomplice unless there was other evidence in addition to that of the accomplice of such character as is required by the law. The basis of this argument is that one of the witnesses who testified against appellant in this prosecution was guilty of shooting on the public highway at the same time that appellant was charged with shooting on the public highway, and that this makes the witness an accomplice. This argument is without any merit.

The judgment is reversed for proceedings consistent with this opinion.