## Wolford v. Commonwealth.

(Decided February. 18, 1927.)

### Appeal from Pike Circuit Court.

1. Perjury—Circumstantial Evidence that Defendant Possesssed Intoxicating Liquor, Plus Proof of His Denial Under Oath, Held Sufficient to Sustain Conviction for False Swearing.—Proof that defendant, under oath, denied possessing intoxicating liquor, plus circumstantial evidence which tended to show such possession, held sufficient to sustain his conviction for false swearing.

2. Perjury—Evidence on Trial for False Swearing Held to Sufficiently Connect Facts Proved with Defendant's Denial in Previous Trial to Sustain Conviction.—Evidence, connecting facts proved with defendant's denial, under oath, of same facts in previous trial, held to sufficiently sustain conviction for false swearing.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of the offense of false swearing, and he has appealed.

The sole ground urged for reversal is that he was entitled to a peremptory instruction because the evidence failed to establish his guilt. The commonwealth proved by S. H. Bungardner, an officer of Pike county, that he was present at the term of court preceding the one at which appellant was being tried for this offense of false swearing; that at this preceding term appellant was tried for having intoxicating whisky in his possession; and that he (Bungardner) was a witness against appellant on that trial. Bungardner was then asked:

Q. "Was he (the appellant) tried in this court for having had intoxicating liquor in his possession?
A. Yes, sir.
Q. "Where did he have the whisky? A. Over there at the forks of Peter creek."

Bungardner then proceeded to relate how he discovered appellant had possession of the whisky in question. He said that he met the appellant after dark com-

ing down a public road with a package wrapped in a newspaper under his arm; that, having a search warrant to search appellant, he commanded the appellant to halt; that appellant did so but as he did, he threw the package over on some rocks hard by; that when the package hit the rocks, there was heard the sound of breaking glass, followed by a pungent odor of whisky. The witness then arrested appellant and took him before J. W. Maynard, the police judge of Phelps, Kentucky, charged with the offense of having intoxicating liquor in his possession; that on appellant's protestation of innocence, Maynard walked back to the scene of appellant's arrest, arriving there about a half hour thereafter; that he then went over to where the appellant had thrown the package and found the ground and rocks wet with a liquid that smelled like whisky. Maynard testified about going back up to the scene of arrest and observing the appellant kicking the lid of the fruit jar away from the place where the jar had broken. The next morning, this witness went back to the scene of arrest and found this lid which smelled strongly of whisky. He further testified that the night before he observed that the ground was wet all around the broken glass and that it smelled like whisky.

Ralph Sanders testified that he was walking down the road with appellant just prior to his arrest; that he left the appellant a short distance from the scene of the arrest and started into a church, but that before he got in he heard the sound of breaking glass. He further testified that, after appellant had been arrested and released on bond, appellant came to him and said:

"Will you go back up there and see if there be a broken jar there, and, if there, kick it out of the way,"

assigning as a reason for this request that there was a fine for broken glass in the road.

It was stipulated that appellant had been duly sworn in the case of Commonwealth v. Riley Wolford, who is the present appellant, in which case appellant was being tried for the offense of having intoxicating liquor in his possession, and that, after he had been so duly sworn, he testified that he did not have whisky in his possession, his testimony being in the exact words as set out in the indictment in this case. It was further agreed that the

mentioned case of Commonwealth v. Riley was, at the time appellant so testified herein, pending in the Pike circuit court, which had jurisdiction thereof. On the other hand, appellant admitted being arrested by Bungardner and admitted that he then had a newspaper under his arm. He claimed that it was not wrapped around anything, or that he threw away anything, or broke any jar, or that he then had any intoxicating liquor in his possession. He says he heard no glass broken there, but admits he asked Sanders to go up there and kick out of the road glass he found there, assigning the same reason for this request which Sanders had testified about.

From this resume of the evidence, it is clear that there was ample testimony to sustain the verdict of the jury.

Appellant contends, however, that the commonwealth failed to identify the facts proved in this case with the offense in the course of the trial, for which it claims appellant swore falsely. He relies on Pugh v. Commonwealth, 217 Ky. 511, 289 S. W. 1086. Appellant is in error about this. The witness Bungardner plainly connected the two, and by so doing differentiated this case from the Pugh case, *supra*.

No error appearing prejudicial to the substantial rights of the appellant, the judgment is affirmed.