# Brake v. Commonwealth.

(Decided March 8, 1927.)

## Appeal from Wayne Circuit Court.

1. Perjury—Essential Facts to Establish False Swearing, Other Than Facts with Respect to False Swearing Itself, Need Only be Proved to Satisfaction of Jury Beyond a Reasonable Doubt.—While it is necessary in prosecution for crime of false swearing to establish every fact with respect to false swearing by two witnesses or by one witness and strong corroborating circumstances, other essen-

tial facts need only be proved to satisfaction of jury beyond reasonable doubt.

2. Perjury—Instruction Authorizing Conviction for False Swearing on Testimony of Witness, with "Corroborating Circumstances," Held Erroneous in Failing to Require "Strong Corroborating Circumstances."—Instruction in prosecution for false swearing requiring proof by testimony of two witnesses or testimony of one witness, with "corroborating circumstances," held erroneous in failing to require that testimony of one witness be supported by "strong corroborating circumstances," since "corroborating circumstances" may be any slight fact or circumstance tending to support principal fact, while "strong corroborating circumstances" implies circumstances calculated to carry conviction.

BERTRAM & BERTRAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Brake, was convicted in the Wayne circuit court of the crime of false swearing, and now he appeals. As grounds for reversal of the judgment he says that the trial court erred (a) in admitting incompetent evidence in that it allowed parol evidence of the contents of public records without showing that the records were lost or destroyed; (b) the court by its instruction did not require the commonwealth to prove every essential fact necessary to the establishment of the crime of false swearing by two witnesses, or by one witness and strong corroborating circumstances; (c) the court erred in instructing the jury.

Appellant, Brake, was the defendant in a warrant issued by the county judge accusing him of possessing and giving away intoxicating liquors in Wayne county, and on the trial testified in his own behalf, stating, in substance, that he did not give the liquor to the witness in his residence on the day named, and that the prosecuting witness was not in his house on that day and had not been in his house for some three or four years theretofore. He was acquitted upon that trial. He was then indicted for false swearing in that he said the witness was not in his house on the day named and had not been there for three or four years. The evidence shows that the prosecuting witness in the case before the county judge and two or three other persons were working the

public road along in front of appellant Brake's home when the little son of appellant came down from the house to the road and said to the prosecuting witness, "Daddy said for you to come up to the house," whereupon the prosecuting witness left the other men in the highway and went to the house of appellant, entered and stayed inside for some minutes. One of the other men in the road gang went up to the house and went inside but did not enter the room where appellant and the prosecuting witness were, but could hear their conversation and recognized their voices. Several other persons saw the prosecuting witness go up to appellant's house and to go in and later come out of the house, but they did not see appellant in the house nor see him give the witness whiskey on that day. On the trial of this case in the circuit court it is complained that the commonwealth did not prove by the records of the Wayne quarterly court, in which appellant was tried for giving whiskey to the witness, the proceedings and the result of the trial, but only proved that by parol evidence and by certified copies of the warrant and judgment. The original records were the best evidence, and as the records of the quarterly court were in the courthouse and convenient to the circuit courtroom, it is not perceived why the commonwealth did not have the county judge, who made the record of the trial of appellant in the quarterly court, bring his records up and read them to the jury instead of using him to prove orally the contents of the records. Lucas v. Commonwealth, 142 Ky. 416. As the judgment must be reversed for other reasons this error should not occur upon another trial.

Appellant's second contention is without merit. While it is necessary to prove by two witnesses, or by one witness and strong corroborating circumstances, all the facts with respect to the false swearing, it is not necessary to prove all the other essential facts in that way, but only to prove them to the satisfaction of the jury beyond a reasonable doubt.

The instructions of the court were rather long and involved. The third instruction directed the jury to find the defendant not guilty, unless he was proven to be guilty of false swearing beyond a reasonable doubt, by the testimony of two witnesses, or by the testimony of one witness with corroborating circumstances. Appellant insists that "corroborating circumstances" is a much weaker term than "strong corroborating circumstances,"

as generally used in ordinary instructions upon the subject. In this we think he is correct. "Corroborating circumstances" may be any slight fact or circumstance which tends in the least degree to establish the principal fact, while "strong corroborating circumstances" is something more than mere corroborating circumstances and implies that the circumstances which corroborate the principal fact are calculated to carry conviction and to lead one to believe that the principal fact is true, aside from other evidence upon that subject. The old rule requiring two witnesses to establish guilt in a case of false swearing or perjury is a sound one. To allow a conviction of this crime to be had upon the oath of one witness might often bring about great injustice and no doubt would frequently deter timid and cautious persons from giving testimony which they honestly and properly could give in the interest of fairness and justice, because they might fear that some more prominent and outstanding person might testify to the contrary and thus bring about their conviction of false swearing. This is impossible under our rule which requires two witnesses, or one witness and strong corroborating circumstances. Certainly the corroboration should be strong, that is, convincing, if it is to take the place of a second witness. The rule requires two witnesses, but if two witnesses to a single fact can not be had, then one witness and strong corroborating circumstances must be adduced to warrant a conviction. No doubt the word "strong" was inadvertently omitted from the instructions. Upon another trial the court will tell the jury, in substance, that a conviction can not be had unless each fact concerning the false evidence be proven beyond a reasonable doubt by the testimony of two witnesses, or by the testimony of one witness and strong corroborating circumstances.

For the reasons indicated the judgment is reversed for new trial.