## Commonwealth v. Wheeler.

(Decided September 26, 1930.)

J. W. CAMMACK, Attorney General, DOUGLAS C. VEST and J. H. ASHER for appellant.

JESSE MORGAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Certifying the law.

The appellee was indicted for the offense of false swearing denounced by section 1174 of the Statutes. On his trial the court peremptorily instructed the jury to find him not guilty after the commonwealth had closed its case. The commonwealth, following section 337 of the Criminal Code of Practice, has lodged a transcript of the record in this court for the purpose of having the law certified as to whether or not the case should have been submitted to the jury.

The commonwealth claims that the appellee in a proceeding before the Workmen's Compensation Board testified to certain facts which were false and untrue. The commonwealth undertook to establish this proposition of the alleged falsity of the testimony solely by the testimony of the witness Pearl Bobbitt, who was somewhat vague and unsatisfactory in what she had to say. However, giving to her testimony all the effect which the commonwealth could possibly claim, we find that it is by her testimony alone that the commonwealth in any way established its claim as to the falsity of appellee's testimony before the Compensation Board. No evidence was introduced to corroborate Miss Bobbitt. In the case of Botner v. Commonwealth, 219 Ky. 272, 292 S. W. 805, 806, we said:

"To convict one of false swearing or perjury, it is necessary that every fact essential to establish guilt be proved beyond reasonable doubt by testimony of at least two witnesses, or one witness and strong corroborating circumstances."

Under the rule as thus announced, it is perfectly obvious that as there were not two witnesses or one witness and strong corroborating circumstances introduced to establish the guilt of the appellee, there was nothing for the court to do but give the peremptory instruction it did. The law is so certified.