## Shepherd v. Commonwealth.

(Decided September 29, 1931.)

262

JAMES & HOBSON, O. C. HALL, and WILLIAM DINGUS for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal requires a review of the indictment, trial, and conviction of the appellant of a charge of false swearing. A proper determination of the questions presented requires a brief statement of the facts as they appear in the record.

It is shown that the appellant, Abe Shepherd, on a Sunday in 1929, was on a highway which passes the residence of Riley Shepherd, not far from the home of Green Slone, which fronts on the same road. When first observed by Riley Shepherd, appellant was in the road, with a pistol in his hand, talking to Woodrow Howard. He and Howard went away, going in the direction of the home of Green Slone, both riding the same mule. As they passed the home of Green Slone, the witness Slone stated, the defendant had a pistol in his hand, and "threw it in toward the barn like he was going to shoot that way." He went on, riding behind Howard, but in about thirty minutes he returned, walking alone, with the pistol in his hand. When he got near his home, he commenced to snap the pistol toward the house. He called to Green Slone and threatened to shoot him, and again snapped the pistol toward the house, but it failed to fire.

Jim Hale testified he saw appellant after he passed the home of Slone and before he returned to Slone's house, and at that time he had a pistol in his hand.

The appellant was subsequently indicted, charged with the "reckless use of a deadly weapon," arising out of his alleged conduct at the home of Green Slone. On a trial thereof, he was introduced as a witness in his own behalf. He admitted he had the pistol in his hand while

in the road in the presence of Riley Shepherd, but he denied having it or waving or using it in any manner at Green Slone's.

At the April term, 1929, he was indicted for the crime of false swearing, alleged to have been committed by testifying in his own behalf on the occasion of his trial for the use of "reckless weapons." At his trial the jury found him guilty and fixed his punishment at confinement in the penitentiary for one year. Judgment was accordingly entered, from which he now appeals.

He insists that he is entitled to a reversal on the grounds that (1) the court erred in overruling his motion for a peremptory instruction; (2) in the giving of the instructions; (3) in admitting incompetent evidence in behalf of the commonwealth.

The indictment adequately sets up the offense, the nature and style of the prosecution, the court in which it was pending, the officer administering the oath, the authority and jurisdiction of each, and the specific matter of the alleged false swearing, and knowledge on his part of its falsity. Ross v. Com., 20 S. W. 1043, 14 Ky. Law Rep. 590; Com. v. Lashley, 74 S. W. 658, 25 Ky. Law Rep. 58; Goslin v. Com., 121 Ky. 698, 90 S. W. 223, 28 Ky. Law Rep. 683; Day v. Com., 195 Ky. 790, 243 S. W. 1051; Ferrell v. Com. (Ky.) 127 S. W. 162. The evidence amply establishes the truth of the allegations thereof.

The testimony of the witness Slone, if believed by the jury, sustains the commonwealth's charge, and the testimony of the other witnesses for the commonwealth, coupled with the admission of the appellant, when on the witness stand, that he was present on the occasion and at the time fixed by the witnesses for the commonwealth, is strongly corroborative of the testimony of Slone. Brake v. Com., 218 Ky. 747, 292 S. W. 305; Wolford v. Com., 218 Ky. 420, 291 S. W. 366.

The admissions of the appellant tending to prove any fact essential to establish his guilt were competent evidence against him, as well as corroborative of the testimony of Slone. Anderson v. Com., 203 Ky. 681, 262 S. W. 1105. It is only on the question of the falsity of the charge involved; i. e., he made substantially the certain statements and the same were at the time false and so known to be by defendant, that the testimony of two witnesses is required, or one witness and strong corrob-

orating circumstances are necessary to sustain a conviction. Smith v. Com., 140 Ky. 568, 131 S. W. 493.

The testimony of Riley Shepherd and Jim Hale that they saw appellant on that Sunday near the home of Green Slone with the pistol in his hand, without the admission of appellant, while on the witness stand, that he traveled the road on that Sunday with Woodrow Howard and returned alone, was sufficient to corroborate the testimony of Slone that, on or about the same hour on that certain day, he had a pistol in his hand and was making the demonstrations disclosed by his testimony. Harper v. Com., 211 Ky. 346, 277 S. W. 457.

The appellant asked for a peremptory instruction at the close of the commonwealth's evidence. It was refused by the court. Thereupon he testified in his own behalf. It is a fixed rule of practice that, after making a motion for a peremptory instruction at the close of the commonwealth's evidence and the motion is overruled, any essential fact necessary to convict the defendant may be established by testimony in his behalf, and he cannot complain that the motion was overruled, or that the commonwealth failed to make out its case by testimony produced by it. Minniard v. Com., 214 Ky. 641, 283 S. W. 1001; Brittian v. Com., 200 Ky. 461, 255 S. W. 59; Marcum v. Com., 201 Ky. 527, 257 S. W. 714; Cardwell v. Com., 236 Ky. 676, 33 S. W. (2d) 695.

The appellant insists that the testimony of Riley Shepherd and Jim Hale does not sufficiently corroborate the testimony of Slone, because these two witnesses do not positively identify the occasion or the Sunday that they saw him with Woodrow Howard and the pistol with the occasion and the Sunday about which Slone testifies. Even if this contention be conceded to be correct, the testimony of appellant himself fixed the time and occasion as the same as that which Slone fixed in his testimony. His own testimony supplied the evidence about the absence of which he complains, and, under the rule enunciated in the cases supra, he cannot now complain. Viewing the evidence as a whole, it cannot be said that the rule requiring the testimony of two witnesses, or one witness and strong corroborating circumstances, has not been fully met by the commonwealth in this case. Com. v. Wheeler, 235 Ky. 327, 31 S. W. (2d) 377; Botner v. Com., 219 Ky. 272, 292 S. W. 805; The appellant relies on the case of Pugh v. Com., 217 Ky. 511, 289 S. W. 1086. In it the defendant was charged with swearing

falsely that he had not shot on the public highway. The only evidence offered by the commonwealth to establish his guilt was that he had been seen shooting on the public highway within twelve months before his trial. The facts in it are easily distinguished from the proven facts in the present one.

Appellant complains of instruction No. 2, which is in this language:

"Before the jury can find defendant guilty of false swearing his guilt must be established by at least two witnesses, or by one witness and strong corroborating circumstances."

To sustain his criticism of this instruction he cites and relies upon Partin v. Com., 154 Ky. 701, 159 S. W. 542; Howell v. Com., 104 S. W. 685, 31 Ky. Law Rep. 983. The word "established" is used in the above instruction instead of the word "supported," which was used in the one given in the Partin case. It did not fairly present the question to the jury, and this was our holding in the Partin case.

In Goins v. Com., 167 Ky. 603, 181 S. W. 184, 186, instruction No. 2 was in this language:

"Before you can find defendant guilty . . . each element of the crime . . . must be proven beyond a reasonable doubt by the testimony of two witnesses or by the testimony of one witness and strong corroborative circumstances."

We approved the giving of this instruction in this language:

"This instruction is not prejudicial, nor is it subject to the cricicism pointed out in Partin v. Com., supra. In that case the court used the clause 'must be supported' instead of the words, 'must be proven.' "

In the present case, the word "established" is used in the sense of the word "proven," which is found in the instruction approved in the Goins case. This difference between the instructions is not sufficient to warrant a reversal for manifestly the court used it, and the jury understood that it was used, in the sense of the word "proven."

Complaint is made against instruction No. 2 because of the absence therefrom of the phrase "beyond a reasonable doubt." The court by instruction No. 1 required the jury to believe from the evidence "beyond a reasonable doubt" the essential and necessary elements to constitute his guilt, before it could find him guilty of the crime charged in the indictment.

In instruction No. 3 the court gave the usual instruction on reasonable doubt. We have held in numerous cases that the instructions should be read together and that the omission of the phrase "beyond a reasonable doubt" from even the principal instruction defining the essential ingredients of the offense and which the jury had to believe "beyond a reasonable doubt," before a conviction was authorized, if in a separate instruction the defendant was given the benefit of the reasonable doubt upon the whole case, the omission from one of the instructions of the words "beyond a reasonable doubt" did not warrant a reversal. McClernand v. Com., 12 S. W. 148, 11 Ky. Law Rep. 301; Power v. Com., 110 Ky. 386, 61 S. W. 735, 63 S. W. 976, 22 Ky. Law Rep. 1807, 23 Ky. Law Rep. 146, 53 L. R. A. 245; O'Day v. Com., 99 S. W. 937, 30 Ky. Law Rep. 848; Lake v. Com., 104 S. W. 1003, 31 Ky. Law Rep. 1232; Hoskins v. Com., 152 Ky. 808, 154 S. W. 919; Daniels v. Com., 181 Ky. 392, 205 S. W. 402; Coffman v. Com., 197 Ky. 498, 247 S. W. 355. There was evidence that appellant was drunk on the occasion and at the time it is alleged he had the pistol in his hand and made demonstrations toward Slone. This evidence did not authorize an instruction in this case as to his intoxication as an excuse for, or as a defense to, the charge of false swearing. Cardwell v. Com., supra.

It is insisted that the testimony of Slone concerning the demonstrations of appellant while at Slone's home was not corroborated, and for this reason the language, "that he used the same (pistol) in a reckless manner," should not have been embraced in instruction No. 1. It may be said that the testimony of Riley Shepherd and Jim Hale is not only corroborative of the testimony of Slone relative to the defendant having the pistol in his hand at his home, but it tends to corroborate his testimony that appellant made demonstrations toward him with the pistol at the time and on that occasion fixed by him. But, waiving this question and even conceding that this language should have been left out of the instruction, it should be conceded that, if the jury found him guilty

of having falsely testified that he did not have the pistol at the time and on that occasion, the use of the phrase complained of cannot be regarded as prejudicial, sufficient to warrant a reversal. Criminal Code of Practice, secs. 340 and 353; Newsome v. Com., 204 Ky. 179, 263 S. W. 703. By virtue of the Code provisions, supra, it must affirmatively appear that an error prejudicial to the substantial rights of the accused has been committed by the trial court to authorize a reversal by this court. Hargis v. Com., 135 Ky. 578, 123 S. W. 239; Sebree v. Com., 200 Ky. 534, 255 S. W. 142. It cannot be said that, if the defendant swore falsely when he testified that he had no pistol on the occasion and at the time he was at Green Slone's home, the jury was not authorized by the evidence to find him guilty even though he did not use the pistol in a reckless manner. Therefore the presence of the phrase in the instruction, "that he used the same (pistol) in a reckless manner" was not prejudicial to his substantial rights, warranting a reversal.

The defendant closed his evidence. Thereupon the commonwealth recalled Green Slone and again inquired of him whether the appellant when on the witness stand on his former trial made a positive statement that he did not have a pistol at his home on that occasion. The appellant objected to this question. The court overruled the objection and permitted the witness to answer. His answer was in the affirmative. The witness Slone had been asked substantially the same question when examined in chief by the commonwealth and made in response thereto practically the same answer. The appellant insists that this was a reversible error. We do not so consider it. Even if this witness was recalled and asked this question for the first time as here contended by appellant, this is not such a prejudicial error to the substantial rights of the appellant as to authorize a reversal. Truax v. Com., 149 Ky. 699, 149 S. W. 1033; Logan v. Com., 236 Ky. 329, 33 S. W. (2d) 25. Section 224 of the Criminal Code of Practice, provides:

"The parties may then respectively offer rebutting evidence only, unless the court, for good reason in furtherance of justice, permit them to offer evidence upon their original case."

This provision of the Code conferred on the trial court a discretion, and whether the question complained of had been asked and answered on the examination of

the witness in chief, or was asked and answered for the first time, in rebuttal, it cannot be said that the action of the court in permitting it to be asked and answered was an abuse of his discretion, such as warrants a reversal.

Perceiving no reversible error, the judgment is affirmed.