## Sams v. Commonwealth.

Nov. 8, 1939.

Rose & Stamper for appellant.

Hubert Meredith, Attorney General, and J. M. Campbell, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The grand jury of Lee County indicted Seville Sams, wherein he was accused of the offense of false swearing.

Upon trial on the indictment, the appellant was convicted and sentenced to one year's confinement in the state reformatory.

He has appealed, asking a reversal of the judgment on the grounds that the proof introduced by the commonwealth utterly failed to show appellant's guilt of the offense charged and that the court prejudicially erred

in not directing the jury, at the close of the evidence, to find for him.

The offense of false swearing, which the indictment accused the appellant with having committed, is a statutory offense created and denounced by Section 1174, Kentucky Statutes, reading, insofar as here pertinent, as follows:

"If any person, in any matter which is or may be judicially pending, * * * shall wilfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years."

The indictment, bringing this offense charged within the above quoted provisions of the statute, as having falsely and knowingly testified in a matter judicially pending, charged him with having testified wilfully, falsely and knowingly in the case of Commonwealth v. Shanks, wherein Claud Shanks was being tried on a charge of murder in the Lee Circuit Court, that on the occasion when Hayden Maupin was shot and wounded by Claud Shanks, on the afternoon following the shooting, and when the witness (Seville Sams) then had custody of the overcoat of said Maupin, he had found in the right hand pocket of Maupin's overcoat and removed therefrom his knife, which was then open.

The indictment, negativing the truth of the said statement, so made, further charged that in truth and in fact Maupin's knife was not found open in the pocket of his overcoat by witness upon the occasion stated, when his overcoat was in the custody of witness, and charged witness with falsely swearing when making such statement in this matter then judicially pending.

To sustain a conviction, in a prosecution for false swearing, the jury must not only find that the alleged false testimony was given, but also must find, beyond a reasonable doubt, that the witness knew that it was false when given.

The commonwealth, to establish the defendant's guilt of the offense charged by the indictment, had the burden of showing both that the alleged statement made was in fact made in a matter which was judicially pending, as charged, and also that the statement was corruptly made with knowledge of its falsity.

To maintain this burden, the commonwealth proved

appellant's making of this alleged false statement charged, when testifying upon the Shanks' trial, that he had found Maupin's knife in the right hand pocket of his overcoat when in his custody on the afternoon of the day on which Maupin had been shot by Shanks and that the knife, when then found and taken from the pocket by him, was open, by the official stenographer of the court, who read from her notes, taken in reporting the Shanks case, Sam's testimony given and containing the above statement, as to his finding Maupin's knife, in an opened condition, in his overcoat pocket.

The commonwealth, to prove that this statement was by appellant corruptly made, or with knowledge of its falsity, introduced two or three witnesses, who testified that they were, upon the occasion in evidence, in the office of Dr. Evans, where Hayden Maupin, just after he was shot, was being given emergency treatment by him, and that his pocket knife was found and removed, in a closed condition, from his pants pocket to the pocket of his overcoat, which was carried away by the appellant.

One of these witnesses, the wife of the wounded man, stated that she, when with her husband and a number of others at the doctor's office, had there examined her husband's clothes and found and removed from his pants right pocket his knife and two door keys and from his hip pocket his pocket book; that she handed his closed pocket knife and keys to her sister, who dropped them, as handed her, in Maupin's overcoat pocket; that she saw the sister as she dropped the knife into her husband's overcoat pocket and that it was at that time closed, and not open, as appellant testified it was, when he found it in the pocket of the coat, as he was carrying it away.

Further, the witness' mother, Mrs. Hall, testified, fully corroborating Mrs. Maupin's testimony, that she saw her daughter search her husband's pants and remove the stated articles therefrom; also, that she saw her hand the knife and keys, when taking them from Maupin's pockets, over to her sister, who dropped the keys and closed knife into the pocket of Maupin's overcoat, which was taken and carried away by appellant. Further, she states that the knife, both when taken from the pants pocket and when dropped into the overcoat pocket by Mrs. Maupin's sister, was closed.

Further they testified that they had heard appellant, when testifying for the defendant, Shanks, upon his trial on the murder charge, falsely state that upon the occasion of Maupin's being taken to Dr. Evans' office for emergency treatment, following his being shot by Shanks, and upon his leaving the office carrying Maupin's overcoat, he found in the right hand pocket of the overcoat Maupin's knife and that it was open and that the statement, so made by appellant, was corruptly made by him, for the reason that he knew when making it that the knife when found by him in the overcoat pocket was not open.

The appellant, when testifying in his own behalf, stated not only that he had made this alleged statement as to finding the knife in an opened condition in the right hand pocket of Maupin's overcoat when testifying in the Shanks case, but again made the same statement when testifying in the instant case.

Also, Joe Hall was called as his witness, who stated that when with the defendant as he was carrying Mr. Maupin's overcoat away from Dr. Evans' office upon the occasion in evidence, he had shown him Mr. Maupin's knife he held in his hand and that it was then open, but he further stated that he did not see the appellant take the knife from the overcoat pocket, nor did he see or know whether it was at that time open or shut.

It is obvious that the one question here presented is whether or not this evidence was sufficient to maintain the charge of the indictment, that appellant had falsely sworn, when testifying upon the Shanks trial, that he had found in Maupin's overcoat pocket his opened knife and that it was in such condition when he removed it from the pocket of the overcoat, which was then in his custody.

The rule which we think applicable to and determinative of the question here so insistently urged against the sufficiency of the commonwealth's very positive substantial evidence, given by two or more of its witnesses to maintain the charge that the defendant's statement as to finding the opened knife in Maupin's overcoat pocket was falsely and corruptly made, was thus stated in Botner v. Commonwealth, 219 Ky. 272, 292 S. W. 805, 806:

"To convict one of false swearing or perjury, it is necessary that every fact essential to establish guilt

be proved beyond reasonable doubt by testimony of at least two witnesses, or one witness and strong corroborating circumstances.''

This rule announced was also approved and adopted by us in Commonwealth v. Wheeler, 235 Ky. 327, 31 S. W. (2d) 377, Commonwealth v. Sesco, 279 Ky. 791, 132 S. W. (2d) 314, decided October 3, 1939, wherein the law was so certified as to the minimum of proof required on the part of the commonwealth to establish the guilt of the accused for false swearing.

It being apparent that the evidence tending to show the defendant's guilt of this statutory charge was given by two or more witnesses, or one witness and strong corroborating circumstances, which the rule declares necessary for conviction, it is our conclusion that notwithstanding the defendant having also testified that his testimony given in the Shanks case for which here indicted for false swearing was not false but true, and having herein again made the same alleged false statement that he had found Maupin's knife in his overcoat pocket when it was not closed but open, the evidence being thus conflicting on the issue as to whether or not the statement was false, it became a question for the jury's determination, and it having found from the evidence that the defendant falsely and knowingly made the false statement, after being sworn, in a matter judicially pending, it returned a verdict finding him guilty.

We are of the opinion that the evidence amply supported the jury's verdict and therefore, having been properly submitted for its finding, it follows that the judgment entered thereon should be and it is affirmed.